UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MATTHEWS 350 E LASALLE LLC | ) | Case No. 26-30288 |
| d/b/a 300 E LASALLE d/b/a 300 EAST LASALLE | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| COMMERCE CENTER DEVELOPMENT, LLC, | ) | |
| | ) | Case No. 26-30289 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |

## DEBTORS' FIRST DAY MOTION
## FOR AN ORDER GRANTING JOINT ADMINISTRATION

Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle and Commerce Center Development, LLC, as debtors and debtors-in-possession (each a "**Debtor**"; together, "**Debtors**"), by proposed counsel[1], hereby request entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), directing the joint administration of Debtors' Chapter 11 Cases and the consolidation thereof for procedural purposes only. In support, Debtors state as follows:

### JURISDICTION, VENUE, AND STATUTORY BASIS

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] An Application to Employ proposed counsel is being filed concurrently herewith.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicate for the relief sought herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**).

### FACTUAL BACKGROUND

5. On March 10, 2026 (the **"Petition Date"**), Debtors each filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). Concurrently with this Motion, Debtors have also filed motions or applications seeking certain "first day" relief.

6. Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7. No request has been made for the appointment of a trustee or examiner, and no official committee has been established in these cases.

8. Additional information about the Debtors' businesses, their capital structure, and the circumstances leading to these Chapter 11 cases is contained in the concurrently filed *Declaration of David Matthews in Support of Chapter 11 Petitions and Related Motions* (the "**Declaration**")[2], which is incorporated herein by reference.

### RELIEF REQUESTED AND BASIS THEREFOR

9. Debtors request the entry of an order, substantially in the form of the Proposed Order, directing consolidation of their Chapter 11 Cases for procedural purposes only.

10. Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates … in two or more cases pending in the court if

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Declaration.

2

they are brought by … a debtor and an affiliate". Fed. R. Bankr. P. 1015(b).

11.　Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

(A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities –
  (i)　in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
  (ii)　solely to secure a debt, if such entity has not in fact exercised such power to vote;
(B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owners, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities –
  (i)　in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
  (ii)　solely to secure a debt, if such entity has not in fact exercised such power to vote;

11 U.S.C. § 102(2).

12.　Debtors are affiliates of one another and, therefore, this Court is authorized to jointly administer these cases for procedural purposes.

13.　Joint administration of Debtors' estates is warranted and will ease the administrative burden for the Court and parties in interest. Debtors have numerous creditors and vendors in common. Joint administration of these cases will save Debtors and their estates substantial time and expense because it will remove the need to prepare, file, and serve duplicative notices, applications, and orders. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets.

14.　The United States Trustee for the Northern District of Indiana (the "**U.S. Trustee**") and other parties in interest will similarly benefit from joint administration of

these Chapter 11 Cases, sparing them the time and effort of reviewing duplicative pleadings and papers.

15.     Debtors will experience substantial financial savings if their Chapter 11 Cases are jointly administered.  For example, if the cases are not jointly administered, Debtors would potentially be forced to incur the substantial cost of copying and mailing each pleading they file in the case two (2) times, instead of just once.

16.     Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates and does not seek substantive consolidation. As such, each creditor will continue to hold its claim against a particular Debtor's estate in the event this Motion is approved. The Court will continue to maintain a separate Claims Register for each of the Debtors.

17.     Because the case filed by Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle was the first case filed and is the main entity used by Debtors for their business purposes, it is appropriate for the Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle case to be designated as the lead case on the consolidated caption. Debtors, therefore, respectfully request that each of the Debtors' cases be administered under a consolidated caption in the following form:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:                                        )
                                              )
MATTHEWS 350 E LASALLE LLC, *et al.,*[1]      )      Case No.  26-30288
                                              )
                                              )      (Jointly Administered)
                    Debtors.                  )

18.     Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in Commerce Center Development, LLC's Chapter 11 case to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 case of Commerce Center Development, LLC, Case No. 26-[XXXXX]. The docket in the Chapter 11 case of Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle, Case No. 26-[XXXXX], should be consulted for all matters affecting this case.

19.     Based upon the foregoing, Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**WHEREFORE,** Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle and Commerce Center Development, LLC, as debtors and debtors-in-possession, respectfully request entry of the Proposed Order granting the requested relief and such other and further relief as the Court deems just and proper.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle (2706); and Commerce Center Development, LLC (9882).

Respectfully submitted,

/s/ Weston E. Overturf
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
Ryan M. Murphy, Attorney No. 38288-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
(317)  777-7443
wes@kgrlaw.com

*Proposed Counsel for Debtors and Debtors in Possession*