UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MATTHEWS 350 E LASALLE LLC, *et al.,*[1] | ) | Case No. 26-30288 |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |

### MATTHEWS 350 E LASALLE, LLC'S FIRST DAY MOTION TO REJECT UNEXPIRED LEASE WITH EAST RACE MARKET, LLC

Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle, as debtor and debtor-in-possession ("**350 E Lasalle**"), by proposed counsel[2], hereby files *Matthews 350 E Lasalle, LLC's First Day Motion to Reject Unexpired Lease with East Race Market, LLC* (this "**Motion**") requesting authority to reject the East Race Market Lease (as defined herein). In support of this Motion, 350 E Lasalle states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

### General Background

4. On March 10, 2026 (the "**Petition Date**"), 350 E Lasalle filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle (2706); and Commerce Center Development, LLC (9882).

[2] An Application to Employ proposed counsel is being filed concurrently herewith.

1

5.      350 E Lasalle continues to operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No request has been made for the appointment of a trustee or examiner, and no official committee has been established in this case.

7.      CCD is the owner of, among other parcels, the following parcels of real property located in St. Joseph County, Indiana, which is subject to a mortgage by KeyBank National Association and more particularly described as follows:

> Parcel I: Lot Numbered Three (3) in Commerce Center Minor Subdivision, as per plat thereof recorded December 30, 2019 as Instrument Number 2019-34703 in the Office of the Recorder of  Saint Joseph County, Indiana.
>
> Parcel II: Non-exclusive Easement for access as set forth in an instrument by and between Commerce Center Development, LLC and Matthews 350 E LaSalle LLC dated April 2, 2020 and recorded April 29, 2020 in Instrument Number 2020-10418 in the Office of the Recorder of Saint Joseph County, Indiana.

(the "**Real Estate**").

8.      350 E Lasalle has a leasehold interest in the Real Estate pursuant to a lease with CCD dated October 30, 2019 (the "**Ground Lease**").

9.      Additional information about 350 E Lasalle's business, its capital structure, and the circumstances leading to this Chapter 11 case is contained in the concurrently filed *Declaration of David Matthews in Support of Chapter 11 Petitions and Related Motions* (the "**Declaration**"), which is incorporated herein by reference.

### East Race Market Lease

10.      Prior to the Petition Date, on or about October 29, 2020, 350 E Lasalle and East Race Market, LLC ("**East Race Market**") entered into a Commercial Lease (the

2

"**East Race Market Lease**"). A true and accurate copy of the East Race Market Lease is attached hereto as **Exhibit 1**.

11.     The East Race Market Lease provides for the lease of approximately 15,000 square feet of space in the Real Estate, commonly known as Suite 100 (the "**Leased Premises**").

12.     The East Race Market Lease initial term runs through December 31, 2031.

13.     East Race Market is in default under the terms of the East Race Market Lease in that, among other things, East Race Market has failed to pay rent as required under the East Race Market Lease.

### Requested Relief and Basis Therefor

14.     As part of 350 E Lasalle's preparation for this case and restructuring efforts, 350 E Lasalle has determined that the East Race Market Lease will not provide value to its estate or its creditors and, therefore, 350 E Lasalle wishes to reject the East Race Market Lease.

15.     As a result of rejection of the East Race Market Lease, 350 E Lasalle will be able to lease the Leased Premises to a new, paying tenant.

16.     By this Motion, 350 E Lasalle seeks an Order, pursuant to Section 365 of the Bankruptcy Code, authorizing 350 E Lasalle to reject the East Race Market Lease as of the date of this Motion (the "**Effective Date**").

17.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of debtor."

18.    "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"  *Orion Picture Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2nd Cir. 1993) (quoting 2 COLLIER ON BANKRUPTCY ¶ 365.01 [1] (15th ed. 1993)).

19.    A debtor's decision to assume or reject an executory contract or lease is subject to review under the "business judgment standard."  For that reason, absent some bad faith or abuse of debtor's exercise of sound business judgment, courts routinely approve debtor's decisions to reject such contracts.  *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (finding that the "business judgment" standard governs rejection of executory contracts), *superseded on other grounds*; *In re Trans World Airlines, Inic.*, 261 B.R. 103, 120 (Bankr. D. Del. 2001) ("[D]ebtor's determination to reject an executory contract is governed by the business judgment standard."); *In re III Enterprises, Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) (finding that courts do not "disturb [a debtor's] decision to reject unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim").

20.    The business judgment standard is "not a difficult standard" and requires only a showing that rejection will benefit the estate.  *In re ExideTechs*, 340 B.R. 222, 239 (Bankr. D. Del. 2006); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3rd Cir. 1989) (finding that the "business judgment" standard requires only that rejection will benefit the estate).

21.     Here, 350 E Lasalle has determined that rejection of the East Race Market Lease will benefit its estate by removing a non-paying tenant from the Leased Premises and allowing 350 E Lasalle to lease the Leased Premises to a new, paying tenant.

22.     Therefore, 350 E Lasalle's decision to reject the East Race Market Lease is an exercise of sound business judgment that will result in a joint benefit to 350 E Lasalle and its bankruptcy estate.

23.     As such, 350 E Lasalle respectfully requests that the Court authorize 350 E Lasalle to reject the East Race Market Lease as of the Effective Date.

**WHEREFORE**, Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle, by proposed counsel, respectfully requests the Court enter an Order authorizing 350 E Lasalle to reject the East Race Market Lease as of the Effective Date and granting 350 E Lasalle all other just and proper relief.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
Ryan M. Murphy, Attorney No. 38288-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
(317) 777-7443
wes@kgrlaw.com

*Proposed Counsel for Debtors and Debtors in Possession*