UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>　Matthews 350 E LaSalle, LLC<br>　　*Debtor(s)*<br><br>　Commerce Center Development, LLC<br>　　*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |
| Redevelopment Commission of the City of South Bend, Indiana,<br><br>　　*Plaintiff*,<br><br>v.<br><br>Commerce Center Development, LLC; Matthews 350 E LaSalle, LLC; DMTM, Inc.; and Matthews LLC,<br><br>　　*Defendants*. | Adv. Pro. No. _____ |

**NOTICE OF REMOVAL OF PENDING LAWSUIT CAUSE NO. 71D07-2301-PL-000020 TO THE UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION**

Debtors, Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle ("**Matthews 350**") and Commerce Center Development, LLC ("**CCD**", together, the "**Debtors**"), hereby file their notice of removal of the action filed by Redevelopment Commission of the City of South Bend, Indiana (the "**Commission**") under Cause No. 71D07-2301-PL-000020 (the "**State Court Action**") from the St. Joseph Superior Court (the "**State Court**") to the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division (the "**Bankruptcy Court**") in Case No. 26-30288-pes (the "**Bankruptcy Case**"), pursuant to 28 U.S.C. §§ 1334, 1441, and 1452, and Fed. R. Bankr. P. 9027. In support, Debtors state as follows:

1.      Debtors consent to the Bankruptcy Court's entry of a final judgment or order. Fed. R. Bankr. P. 9027(a)(1)(B).

2.      The undersigned hereby verifies that attached hereto as **Exhibit 1** is a true and accurate copy of the State Court Action docket, and attached hereto as **Exhibits 2-A through 2-E**[1] are copies of all process and pleadings in the State Court Action.[2] Fed. R. Bankr. P. 9027(a)(1)(C).

### Procedural Background

3.      On January 20, 2023, the Commission initiated the State Court Action by the filing of its *Complaint* against CCD, only. The State Court Action is in regard to a certain Development Agreement, dated January 12, 2017, between the Commission and CCD (the "**Development Agreement**").

4.      On April 26, 2023, the Commission filed an *Amended Complaint* in the State Court Action, which was again only against CCD and in regard to the Development Agreement.

5.      After years of litigation in the State Court Action, on October 29, 2025, the Commission filed a *Motion to Amend Complaint*, seeking to amend their complaint for a second time, but in this instance to add the following three (3) new defendants, "all of whom are affiliates of Defendant Commerce Center Development, LLC" [*Motion to Amend Complaint* p. 1]: (i) Matthews 350, (ii) DMTM, Inc. ("**DMTM**"), and (iii) Matthews

---

[1] Exhibit 2-A: 1/20/2023 – 8/12/2025; Exhibit 2-B: 8/13/2025 – 8/26/2025; Exhibit 2-C: 8/27/2025 – 10/28/2025; Exhibit 2-D: 10/29/2025 – 12/17/2025; Exhibit 2-E: 12/18/2025 – 4/2/2026.

[2] Immediately following the filing of this Notice of Removal in the Bankruptcy Case, Debtors are filing a copy of this Notice of Removal in the State Court Action, pursuant to Fed. R. Bankr. 9027(b)(2). Therefore, the filing of this Notice of Removal in the State Court Action is **not** included in the State Court Action docket and the process and pleadings in the State Court Action being attached hereto as exhibits.

2

LLC ("**Matthews LLC**"; collectively with CCD, Matthews 350, and DMTM, the "**State Court Defendants**").

6. On February 5, 2026, over the objection of CCD, the State Court granted the Commission's *Motion to Amend Complaint*, and the Commission subsequently filed its *Second Amended Complaint* on February 10, 2026 (the "**Second Amended Complaint**").

7. On March 10, 2026 (the "**Petition Date**"), Debtors each filed a Voluntary Petition under Chapter 11 of Title 11 the United States Code (the "**Bankruptcy Code**").[3]

8. Despite the fact that (i) CCD is the only one of the State Court Defendants that is a party to the Development Agreement, (ii) the Commission acknowledges that the State Court Defendants are affiliates of one another, (iii) the Commission alleges alter ego liability among the State Court Defendants, and (iv) the Commission cannot obtain a judgment on the Second Amended Complaint without findings and conclusions relating to CCD as the only party to the Development Agreement (in violation of the automatic stay), the Commission is pushing forward with the State Court Action against DMTM and Matthews LLC.[4]

### Basis for Removal

9. Debtors hereby remove the State Court Action to the Bankruptcy Court pursuant to 28 U.S.C. §§ 1334, 1441, and 1452, and Fed. R. Bankr. P. 9027.

---

[3] On March 19, 2026, the Bankruptcy Court entered an *Order for Joint Administration* [Bankruptcy Case Filing No. 38], wherein the Bankruptcy Court ordered Debtors cases to be jointly administered under the Matthews 350 case, Case No. 26-30288-pes (previously defined herein as the "Bankruptcy Case").

[4] On March 31, 2026, the Commission served a Notice of Deposition to Defendant Matthews LLC and a Notice of Deposition to DMTM, Inc.

10.     As set forth in the *Declaration of David Matthews in Support of Debtors'
Chapter 11 Petitions and First Day Motions* [Bankruptcy Case Filing No. 13], Debtors
were unable to refinance their obligations to their largest creditor, KeyBank National
Association, in large part due to the Commission's State Court Action, which led to the
filing of the Bankruptcy Case.

11.     The Commission is a creditor of both Debtors due to the State Court Action,
and only due to the State Court Action, and alleges in the Second Amended Complaint
that Debtors and the other State Court Defendants are affiliates of one another, with
alleged alter ego liability.

12.     Debtors' sole source of revenue is derived from the real estate, and Debtors'
development thereof, which is also the subject of the Development Agreement that is the
underlying basis of the claims made in the State Court Action.

13.     Additionally, whether and to what extent Debtors have any obligations under
the Development Agreement and whether and to what extent the Commission has a claim
in the Bankruptcy Case will have an affect on both the administration of the Bankruptcy
Case as well as Debtors Chapter 11 Plan(s).

14.     Therefore, the State Court Action is related to the Bankruptcy Case.

15.     Pursuant to 28 U.S.C. § 1334, the district courts have original jurisdiction of
all civil proceedings related to cases under the Bankruptcy Code and the district court in
which a case under the Bankruptcy Code is commenced or pending has exclusive
jurisdiction of all property of the debtor as of the commencement of such case and of
property of the estate. 28 U.S.C. §§ 1334(b) and (e)(1).

16.     28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

17.     Additionally, 28 U.S.C. § 1452 provides that "[a] party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

18.     As the State Court Action is related to the Bankruptcy Case and the Bankruptcy Court has original jurisdiction of the State Court Action and exclusive jurisdiction over all property of Debtors and their estates, Debtors may, and hereby do, remove the State Court Action to the Bankruptcy Court.

**WHEREFORE**, Debtors, Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle and Commerce Center Development, LLC, hereby remove the State Court Action from the State Court to the Bankruptcy Court.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Atty. No. 27281-49
Anthony T. Carreri, Atty. No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle Suite 900
Indianapolis, IN 46204
(317) 777-7443
wes@kgrlaw.com

*Attorneys for Debtors, Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle and Commerce Center Development, LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

**Miranda Bernadac**    mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
**Anthony Thomas Carreri**    ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
**Christopher C. Hagenow**    chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
**Katherine Everett Iskin**    kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
**Ryan Murphy**    rmurphy@kgrlaw.com
**Weston Erick Overturf**    woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
**Jennifer Prokop**    jennifer.prokop@usdoj.gov, jwprokop@yahoo.com
**United States Trustee**    USTPRegion10.SO.ECF@usdoj.gov

I further certify that on April 3, 2026, a copy of the foregoing was emailed and mailed by United States mail to the following:

Marcellus M. Lebbin
401 E. Colfax Ave., Suite 180, Box 2
South Bend, IN 46617
marcel@lebbinlaw.com
*Attorney for DMTM, Inc.*
*and Matthews, LLC*

Graham T. Youngs
Steuerwald, Witham, & Youngs, LLP
106 North Washington Street
PO Box 503
Danville, IN 46122
gyoungs@swylawyers.com
*State Court Action Attorney for*
*Commerce Center Development, LLC*

James M. Lewis
Eric W. Von Deck
THK Law, LLP
212 East LaSalle Avenue, Suite 100
South Bend, IN 46617
jlewis@thklaw.com
evondeck@thklaw.com
*Attorneys for Redevelopment*
*Commission of the City of*
*South Bend, Indiana*

/s/ Weston E. Overturf
Weston E. Overturf

6