UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

Matthews 350 E LaSalle, LLC
*Debtor(s)*

Case No. 26-30288-pes
Chapter 11

Commerce Center Development, LLC
*Debtor(s)*

(Jointly Administered)

## MOTION TO ASSUME UNEXPIRED GROUND LEASE WITH COMMERCE CENTER OFFICE BUILDING LLC

Commerce Center Development, LLC ("**Debtor**"), as debtor and debtor-in-possession, by counsel, hereby moves the Court for an Order authorizing Debtor to assume the Ground Lease (as defined herein) with Commerce Center Office Building LLC ("**CCOB**"). In support of this Motion, Debtor states as follows:

### Jurisdiction, Venue, Statutory Basis

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This matter is a core proceeding under 28 U.S.C. § 157(b).

3.     Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

4.     The statutory and legal predicates for the relief sought in this Motion are 11 U.S.C. § 365, and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Background

5.     On March 10, 2026 (the "**Petition Date**"), Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

6.   Debtor continues to operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.   Debtor is the owner of, among other parcels, the following parcel of real estate located in St. Joseph County, Indiana, more particularly described as follows:

> Lot Numbered One (1) as shown on the recorded Plat of Commerce Center Minor Subdivision recorded December 30, 2019 as Instrument Number 2019-34703 in the Office of the Recorder of Saint Joseph County, Indiana.

(the "**Real Estate**").

8.   Prior to the Petition Date, on October 30, 2019, Debtor, as landlord, and CCOB, as tenant, entered into a certain Ground Lease for the Real Estate (the "**Ground Lease**"). A true and accurate copy of the Ground Lease is attached hereto as **Exhibit 1**.

9.   The Ground Lease has not expired.

10.   There has not been a default under the Ground Lease.

**Requested Relief and Basis Therefor**

11.   As part of Debtor's preparation for this cases and restructuring efforts, Debtor has determined that the Ground Lease is of significant value to its estate and its creditors, therefore, Debtor wishes to assume the Ground Lease.

12.   By this Motion, Debtor seeks an Order, pursuant to Section 365 of the Bankruptcy Code, authorizing Debtor to assume the Ground Lease as of the date of this Motion (the "**Effective Date**").

13.   Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of debtor".

2

14.    A debtor's decision to assume or reject an executory contract or unexpired lease under § 365(a) of the Bankruptcy Code is governed by the business judgment rule. *Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S.Ct. 1652, 1658 (2019).

15.    "The bankruptcy court reviews the debtor's business judgment with respect to the proposed assumption to determine if it would be beneficial or burdensome to assume the executory contract by evaluating whether assumption would serve the reorganization or whether it would take away funds available to other creditors." *In re UAL Corp.*, 635 F.3d 312, 319 (7th Cir. 2011).

16.    "Court approval of a debtor in possession's judgment that assumption of a lease is in the best interest of the debtor's business should not be withheld on the basis of a second-guessing of the debtor's judgment". *Allied Technology, Inc. v. R.B. Brunemann & Sons, Inc.*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982). "As long as assumption of a lease appears to enhance a debtor's estate, Court approval of a debtor in possession's decision to assume the lease should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code, and particularly of 11 U.S.C. § 365." *Id.*

17.    "If a contract is profitable to a debtor, its assumption should be authorized." *In re National Sugar Refining Co.*, 26 B.R. 765, 767 (Bankr. S.D.N.Y. 1983) (citing 2 *Collier on Bankruptcy*, ¶ 365.03, pp. 365-13 et seq. (15th ed. 1981)).

18.    Here, Debtor has determined that assumption of the Ground Lease will benefit its estate by ensuring that Debtor keeps a valuable tenant (CCOB) in place, which is crucial for Debtor's ability to reorganize.

3

19.   Furthermore, the secured creditor on the Real Estate, Forum Credit Union, has expressed its desire that the Ground Lease be assumed.

20.   Therefore, Debtor's decision to assume the Ground Lease is an exercise of sound business judgment that will result in a joint benefit to Debtor and its bankruptcy estate.

21.   As such, Debtor respectfully requests that the Court authorize Debtor to assume the Ground Lease as of the Effective Date.

**WHEREFORE**, Commerce Center Development, LLC, by counsel, respectfully requests the Court enter an Order authorizing Debtor to assume, as of the Effective Date, the Ground Lease attached hereto as <u>Exhibit 1</u>, and granting Debtor all other just and proper relief.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
(317) 777-7443
wes@kgrlaw.com

*Counsel for Debtor and Debtor in Possession*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Miranda Bernadac**    mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri**    ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow**    chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin**    kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin**    lebbin@gmail.com
- **Ryan Murphy**    iumurphy19@gmail.com
- **Weston Erick Overturf**    woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Jennifer Prokop**    jennifer.prokop@usdoj.gov, jwprokop@yahoo.com
- **United States Trustee**    USTPRegion10.SO.ECF@usdoj.gov

I further certify that on April 27, 2026, a copy of the foregoing was mailed by U.S. mail, postage prepaid, to the following:

Mailing Matrix attached hereto.[1]

/s/ Weston E. Overturf
Weston E. Overturf

---

[1] Parties who receive electronic service may not receive a paper copy.

5