UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

Matthews 350 E LaSalle, LLC
*Debtor(s)*

Commerce Center Development, LLC
*Debtor(s)*

Case No. 26-30288-pes
Chapter 11

(Jointly Administered)

### MOTION TO DISQUALIFY MAY OBERFELL LORBER LLP

Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle ("**Matthews 350**"), and Commerce Center Development, LLC ("**CCD**", together, "**Debtors**") each as debtors and debtors-in-possession, by counsel, hereby move to disqualify the law firm of May Oberfell Lorber LLP ("**MOL**") as counsel for creditor, Redevelopment Commission of the City of South Bend, Indiana ("**Redevelopment Commission**"), and in support, state as follows:

### Jurisdiction and Venue

1. On March 10, 2026 (the "**Petition Date**"), Debtors each filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4. This matter is a core proceeding under 28 U.S.C. § 157(b).

### Relevant Procedural History

5. On or about January 12, 2017, CCD and the Redevelopment Commission entered into a certain Development Agreement (the "**Development Agreement**"). A copy

of the Development Agreement, as attached to the Redevelopment Commission's Second Amended Complaint (defined herein), is attached hereto as **Exhibit 1**.

6.      On January 20, 2023, the Redevelopment Commission filed a *Complaint* against CCD, only, with respect to the Development Agreement, initiating Cause No. 71D07-2301-PL-000020 in St. Joseph County Superior Court (the "**State Court Action**").

7.      On April 26, 2023, the Redevelopment Commission filed an *Amended Complaint* in the State Court Action, which was again only against CCD and with respect to the Development Agreement.

8.      After years of litigation in the State Court Action, on October 29, 2025, the Redevelopment Commission filed a *Motion to Amend Complaint* (the "**Second Motion to Amend**"), seeking to amend its complaint for a second time, but in this instance to add the following three (3) new defendants, "all of whom are affiliates of Defendant Commerce Center Development, LLC" [Second Motion to Amend p. 1]: (i) Matthews 350, (ii) DMTM, Inc. ("**DMTM**"), and (iii) Matthews LLC ("**Matthews LLC**").

9.      On February 5, 2026, over the objection of CCD, the Court in the State Court Action granted the Redevelopment Commission's Second Motion to Amend, and the Redevelopment Commission subsequently filed its *Second Amended Complaint* on February 10, 2026 (the "**Second Amended Complaint**").

10.     On March 10, 2026, Debtors initiated the above-captioned bankruptcy cases by the filing of Voluntary Petitions under Chapter 11 of the Bankruptcy Code.

11.     On March 19, 2026, Attorney Katherine Iskin ("**Ms. Iskin**") of MOL filed her *Notice of Appearance and Request for Notices* [Filing No. 42] on behalf of the Redevelopment Commission.

12.     On April 3, 2026, Debtors filed a *Notice of Removal of Pending Lawsuit Cause No. 71D07-2301-PL-000020 to the United States Bankruptcy Court, Northern District of Indiana, South Bend Division* [Filing No. 54] (the "**Notice of Removal**"), which removed the State Court Action to this Court and initiated Adversary Proceeding No. 26-03011 (the "**Adversary Proceeding**").

13.     On April 8, 2026, Debtors each filed their schedules and statements, each of which identify the Redevelopment Commission as a creditor with a disputed claim due to the State Court Action.

14.     On April 16, 2026, Attorney Matthew Anderson ("**Mr. Anderson**") of MOL filed his *Notice of Appearance and Request for Notices* [Filing No. 65] on behalf of the Redevelopment Commission.

15.     On April 23, 2026, each of Ms. Iskin and Mr. Anderson, both of MOL, filed their *Notice of Appearance* [Adversary Proceeding Filing Nos. 6, 8] in the Adversary Proceeding on behalf of the Redevelopment Commission.

### Relevant Background

16.     MOL represented CCD in the negotiations that resulted in the Development Agreement (i.e., the agreement that is the sole basis of the Redevelopment Commission's Second Amended Complaint and inclusion as a creditor in this bankruptcy case), and MOL is listed as a notice party on behalf of CCD in the Development Agreement. See Development Agreement § 9.7.

17.     The Development Agreement was never amended or modified to remove MOL as a notice party for CCD thereunder, nor has CCD (or MOL upon information and belief) ever notified the Redevelopment Commission that MOL should not be noticed on

3

behalf of CCD for any notice, demand, or other communication required under the Development Agreement.

18.     On January 12, 2023, the Redevelopment Commission sent a Default and Demand for Repayment letter to CCD with respect to the Development Agreement (the "**Demand Letter**"), which indicates that a copy thereof was delivered to MOL, as required under the Development Agreement.

19.     Although Attorney Marcellus Lebbin ("**Mr. Lebbin**"), who was the lead attorney at MOL that represented CCD in the negotiations with the Redevelopment Commission regarding the Development Agreement, is no longer with MOL, a conflict still persists with MOL representing the Redevelopment Commission against Debtors, and DMTM and Matthews LLC in the Adversary Proceeding, with respect to the Development Agreement that MOL was heavily involved in negotiating on behalf of CCD.

20.     Upon information and belief, MOL has never formally terminated its engagement with CCD.

21.     Furthermore, MOL represented Matthews LLC, an affiliate of Debtors and a defendant in the Adversary Proceeding, with respect to a lease agreement *with the City of South Bend* and an attorney that represented Matthews LLC in that matter, Katlyn M. Foust Hunneshagen ("**Ms. Foust**"), is still an attorney with MOL. Upon information and belief, MOL has never formally terminated its engagement with Matthews LLC.

22.     Additionally, MOL has represented 701 Niles LLC ("**701 Niles**") and Ivy Quad Development, LLC ("**Ivy Quad**"), both of which are affiliates of Debtors, and an attorney that represented 701 Niles and Ivy Quad, Sean M. Towner ("**Mr. Towner**"), is still

4

an attorney with MOL. Upon information and belief, MOL has never formally terminated its engagement with 701 Niles and/or Ivy Quad.

**Requested Relief and Basis Therefor**

23.    By this Motion, Debtors seek to disqualify MOL from representing the Redevelopment Commission in the above-captioned bankruptcy case and the Adversary Proceeding pursuant to Rule 1.10 of the Indiana Rules of Professional Conduct (the "**Professional Conduct Rules**").

24.    As Ms. Iskin and Mr. Anderson (together, the "**Appeared MOL Attorneys**"), upon information and belief, personally have not represented Debtors, DMTM, or Matthews LLC, but other current attorneys with MOL have (Ms. Foust and Mr. Towner) and a prior attorney with MOL has (Mr. Lebbin), Rule 1.10 of the Professional Conduct Rules, regarding imputation of conflicts of interest, is applicable.

25.    Rule 1.10 of the Professional Conduct Rules provides:

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2 unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:

(1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

(2) any lawyer remaining in the firm has information protected by Rule 1.6 and 1.9(c) that is material to the matter.

26.     As set forth above, the Redevelopment Commission's involvement in the above-captioned bankruptcy case and the Adversary Proceeding is due only to the State Court Action, which is solely based on the Development Agreement.

27.     MOL represented CCD in the negotiations that resulted in the Development Agreement, and MOL was, and still is, listed as a notice party on behalf of CCD in the Development Agreement.

28.     Further, the Demand Letter that the Redevelopment Commission sent to CCD with respect to the Development Agreement was also delivered to MOL, as required under the Development Agreement.

29.     Therefore, it cannot be disputed that MOL's representation of the Redevelopment Commission in the above-captioned bankruptcy case and the Adversary Proceeding is in regard to a matter that is the same or substantially similar to that in which MOL represented CCD.

30.     "[A] lawyer may not represent an adversary of his former client if the subject matter of the two representations is 'substantially related,' which means: if the lawyer could have obtained confidential information in the first representation that would have been relevant to the second. It is irrelevant whether he actually obtained such information and used it against his former client, or whether – if the lawyer is a firm rather than an individual practitioner – different people in the firm handled the two matters and scrupulously avoided discussing them." *Analytica, Inc. v. NPD Research, Inc.*, 708 F2d 1263, 1266 (7th Cir. 1983).

31.    The only parties to the Development Agreement are "the City of South Bend, Department of Redevelopment, acting by and through its governing body, the South Bend Redevelopment Commission" and CCD. See Exhibit 1.

32.    Notwithstanding, the Redevelopment Commission sought leave to file its Second Amended Complaint in the State Court Action to add Matthews 350, DMTM, and Matthews LLC and used the fact that the entities are affiliates of one another as a basis for its request.

33.    Specifically, in the Second Motion to Amend, the Redevelopment Commission asserted that:

   a. It was seeking leave to file the Second Amended Complaint to "add three (3) new defendants, all of whom are affiliates of Defendant Commerce Center Development, LLC" [Second Motion to Amend p. 1];

   b. "A[n] 'affiliate' business entity is one that is related to another entity by shared ownership or other means of control. *Bloombank v. United. Fid. Bank F.S.B.*, 113 N.E.3d 708, 728 n.17 (Ind. Ct. App. 2018)" [Second Motion to Amend fn. 1];

   c. "All of the new defendants are affiliates of CCD and, thus, they have had constructive if not actual notice of every aspect of this litigation" [Second Motion to Amend ¶ 14];

   d. "The addition of new details … does not prejudice the defendants, given that these details have already been shared with CCD in discovery responses and other correspondence" [Second Motion to Amend ¶ 16];

   e. "Matthews 350 has the same registered agent and governing Member as CCD, David Matthews, and has the same principal address" [Second Motion to Amend ¶ 21];

7

f. "DMTM has the same registered agent and governing President/Member as CCD, David Matthews, and has the same principal address" [Second Motion to Amend ¶ 24];

g. "CCD has operated – including in its efforts to exercise its rights and fulfill its obligations under the Development Agreement – through Matthews LLC as an alter ego" [Second Motion to Amend ¶ 25]; and

h. "Matthews LLC has the same legal address as CCD" [Second Motion to Amend ¶ 27].

34.    While being represented by MOL, David Matthews was MOL's point of contact for all of David Matthews' "affiliated entities".

35.    MOL, including but not limited to current MOL attorneys Ms. Foust and Mr. Towner, obtained intimate, privileged information regarding David Matthews' entities, some of which MOL was involved in the creation of.

36.    Further, MOL obtained intimate, privileged information regarding David Matthews, individually. For example, at the 341 Meeting of Creditors held on April 21, 2026 in the above-captioned bankruptcy case, Ms. Iskin, on behalf of the Redevelopment Commission, asked pointed questions of David Matthews regarding one of the over 100 residential tenants in the building operated by Matthews 350 because Ms. Iskin had information not generally known about such tenant's connection to David Matthews, which, upon information and belief, was information Ms. Iskin obtained as a result of MOL's representation of David Matthews and his entities.

37.    "While 'appearance of impropriety' as a principle of professional ethics invites and maybe has undergone uncritical expansion because of its vague and open-ended character, in this case it has meaning and weight. For a law firm to represent one client today, and the client's adversary tomorrow in a closely related matter, creates an

8

unsavory appearance of conflict of interest that is difficult to dispel in the eyes of the lay public – or for that matter the bench and bar – by the filing of affidavits, difficult to verify objectively, denying that improper communication has taken place or will take place between the lawyers in the firm handling the two sides. Client will not repose confidences in lawyers who they distrust and will not trust firms that switch sides as nimbly as [the subject law firm in this matter]." *Analytica*, 708 F2d at 1269.

38.    In discussions regarding this conflict between Ms. Iskin and undersigned counsel, MOL has taken the position the MOL is not prohibited from representing the Redevelopment Commission based on its prior representation of CCD because it claims that, pursuant to Rule 1.10(b)(2) of the Professional Conduct Rules, no attorney remaining in the firm has information protected by Rules 1.6 and 1.9(c) of the Professional Conduct Rules.

39.    However, even if that were true, which Debtors would demand strict proof thereof, such interpretation of Rule 1.10(b)(2) of the Professional Conduct Rules would ignore the affiliate overlap arguments that the Redevelopment Commission itself has asserted as a basis to bring Matthews 350, DMTM, and Matthews LLC into its action it initially filed and litigated against only CCD. "If the 'substantial relationship' test applies, however, 'it is not appropriate for the court to inquire into whether actual confidences were disclosed,' unless the exception [] for cases where the law firm itself did not switch sides is applicable, as it is not here." *Analytica*, 708 F2d at 1267 (citations omitted).

40.    The Redevelopment Commission cannot argue on the one hand that the entities are so intertwined and affiliated with one another that they all should be held liable for the acts of one of them, but then on the other hand take the position that they are not

intertwined and affiliated enough to create a conflict in MOL's representation of the Redevelopment Commission against them.

41. "[P]ublic trust in the integrity of the judicial process requires that any serious doubt be resolved in favor of disqualification." *XYZ, D.O. v. Sykes*, 20 N.E.3d 582, 589 (Ind. Ct. App. 2014) (quoting *Robertson v. Wittenmyer*, 736 N.E.2d 804, 806 (Ind. Ct. App. 2000)).

**WHEREFORE**, Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle and Commerce Center Development, LLC, by counsel, respectfully request that the Court enter an order disqualifying the law firm of May Oberfell Lorber LLP as counsel for the Redevelopment Commission of the City of South Bend, Indiana in the above-captioned bankruptcy case and the Adversary Proceeding, and granting Debtors all other just and proper relief.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
(317) 777-7443
wes@kgrlaw.com

*Counsel for Debtors and Debtors in Possession*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Miranda Bernadac**   mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri**   ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow**   chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin**   kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin**   lebbin@gmail.com
- **Ryan Murphy**   iumurphy19@gmail.com
- **Weston Erick Overturf**   woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Jennifer Prokop**   jennifer.prokop@usdoj.gov, jwprokop@yahoo.com
- **United States Trustee**   USTPRegion10.SO.ECF@usdoj.gov

I further certify that on April 27, 2026, a copy of the foregoing was mailed by U.S. mail, postage prepaid, to the following:

NONE

*/s/ Weston E. Overturf*
Weston E. Overturf