UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

Matthews 350 E LaSalle, LLC
*Debtor(s)*

Commerce Center Development, LLC
*Debtor(s)*

Case No. 26-30288-pes
Chapter 11

(Jointly Administered)

## DEBTOR'S MOTION FOR ORDER (I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION INSURANCE PREMIUM FINANCING AND (II) GRANTING LIENS TO POST-PETITION LENDER

Matthews 350 E LaSalle, LLC, as debtor and debtor-in-possession ("**Debtor**"), by counsel, hereby submits this motion (the "**Motion**") requesting the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), (i) authorizing Debtor to enter into a post-petition insurance premium financing arrangement with FIRST Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A. ("**FIRST INSURANCE**") and (ii) granting liens to post-petition lender.  In support of the Motion, Debtor respectfully states as follows:

### Jurisdiction and Venue

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.     The statutory grounds for the relief sought in this Motion are 11 U.S.C. §§ 105(a), 363, and 364 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure, and Rule B-2002-2

of the Local Rules of the United States Bankruptcy Court for the Northern District of Indiana (the "**Local Rules**").

## Requested Relief

5.      On March 10, 2026 (the "**Petition Date**"), Debtor filed a Voluntary Petition for relief under the Bankruptcy Code.

6.      Debtor continues to operate and maintain its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7.      By this Motion, Debtor seeks entry of an Order authorizing Debtor to enter into a post-petition insurance premium financing arrangement by which FIRST INSURANCE will provide insurance premium financing that enables the Debtor to obtain insurance coverage for the Debtor's assets (the "**Agreement**").

8.      Prior to the filing of this Motion, Debtor consulted with FIRST INSURANCE and reached agreement on the terms of the Agreement and the form of proposed Order attached as Exhibit A.

9.      A copy of the Agreement is attached as **Exhibit B**. The Agreement includes the following material terms specifically identified and listed in compliance with the Bankruptcy Rules:

    a.  **Interest Rate:** 7.8%

    b.  **Maturity:** March 31, 2027

    c.  **Events of Default:** Events of Default are defined in Part 10 of the Agreement and include failure to pay obligations under the Agreement.

    d.  **Liens:** Part 1 of the Agreement grants and assigns FIRST INSURANCE "a first priority lien on and  security interests in the financed policies and any additional premiums required  under the financed policies listed in the

2

Schedule of Policies, including (a) all returned or unearned premiums, (b) all additional cash contributions or collateral amounts assessed by the insurance companies in relation to the financed policies and financed by Lender hereunder, (c) any credits generated by the financed policies, (d) divided payments, and (e) loss payments which reduce unearned premiums (collectively, the "Financed Policies"). If any circumstances exist in which premiums related to any Financed Policy could become fully earned in the event of loss, Lender shall be named a loss-payee with respect to such policy".

e. **Borrowing Limits:** There are no borrowing limits except that the agreement does not contemplate any greater loan than the total financed amount of $87,144.48.

f. **Borrowing Conditions:** The Agreement does not provide for explicit borrowing conditions aside from the Promise to Pay.

g. **Grant of Lien under § 364:** The Agreement provides for the granting of a security interest as described above.

h. **Adequate Protection:** Debtor does not believe there are any lien holders with respect to the proposed collateral and therefore no adequate protection is necessary.

## BASIS FOR RELIEF REQUESTED

10. The Agreement is critical to the Debtor's ability to maintain operations and protect and insure all its assets, including property that is the collateral of secured creditors. The Debtor does not have sufficient funds to pay the entire premium amount in a single lump sum but needs to maintain insurance coverage by law.

3

11.     Under section 364(c) of the Bankruptcy Code, courts can authorize debtors-in-possession to obtain secured credit upon finding that the debtors were "unable to obtain unsecured credit allowable under section 503(d)(1) of the [Bankruptcy Code]." 11 U.S.C. § 364(c); *see also In re Olde Prairie Block Owner, LLC*, 448 B.R. 482, 492 (Bankr. N.D. Ill. 2011) ("[A] debtor can obtain credit secured by a senior or equal lien on encumbered estate property (sometimes referred to as a 'priming lien') with court approval and after notice and a hearing only if: (1) the debtor is unable to obtain credit otherwise and (2) the interest of the creditor to be primed is adequately protected."); *In re L.A. Dodgers LLC*, 457 B.R. 308, 312 (Bankr. D. Del. 2011) (denying the motion for authorization to enter into a post-petition credit facility where the debtors could not prove that they were unable to obtain unsecured credit allowable as an administrative expense); *In re Ames Dep't Stores*, 115 B.R. 34, 37-39 (Bankr. S.D.N.Y. 1990) (finding that the debtor must show it has made a reasonable effort to seek alternative sources of financing under section 364 of the Bankruptcy Code); *In re Crouse Grp., Inc.*, 71 B.R. 544, 549 (Bankr. E.D. Pa. 1987) (holding that secured credit under section 364(c) of the Bankruptcy Code is authorized, after notice and hearing, upon showing that unsecured credit cannot be obtained).

12.     Courts rely on a three-part test to determine whether debtors are entitled to financing under section 364(c). Courts will look for whether:

    a. the debtors were unable to obtain unsecured credit with only an administrative claim;

    b. the credit transaction is necessary to preserve the assets of the estate; and

    c. the terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor and the lender.

4

*In re L.A. Dodgers LLC*, 457 B.R. at 312; *In re Ames Dep't Stores*, 115 B.R. 34, 37-39 (Bankr. S.D.N.Y. 1990).

13.    Whether debtors were unable to obtain unsecured credit is determined by application of a good faith effort standard, and debtors must make a good faith effort to demonstrate that credit was not available without granting a security interest. *See In re 1191 Wood Run, LLC*, 2010 WL 3310353, at *1 (Bankr. N.D. Ill. March 24, 2010) (applying the "good faith effort" standard to the debtor's request for post-petition financing); *In re YL West 87th Holdings I LLC*, 423 B.R. 421, 441 (Bankr. S.D.N.Y. 2010) ("Courts have generally deferred to a debtor's business judgment in granting section 364 financing"); *In re Gen. Growth Props., Inc.*, 412 B.R. 122, 125 (Bankr. S.D.N.Y. 2009).

14.    Debtor is unable to obtain financing from other sources on terms preferable to the proposed Agreement. The Debtor has, in the past (prior to the Petition Date), typically relied on premium financing to ensure they are able to pay the premiums for their insurance policies. Debtor does not believe that it is able to obtain post-petition financing or other premium financing accommodations from any prospective lender or group of lenders on more favorable terms and conditions than those offered under the proposed Agreement, especially given the Debtor's pre-existing relationship with its insurance agency.

15.    Whether the proposed Agreement is necessary to preserve the assets of the estate is determined by application of the business judgment standard. *See In re Ames Dep't Stores, Inc.*, 115 B.R. at 40 ("cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms and leverage the bankruptcy process and powers or its purpose is not so much to benefit the

5

estate as it is to benefit parties in interest").

16.     The Agreement and terms of the proposed Order were negotiated in good faith by parties, and FIRST INSURANCE is not an insider of the Debtor.

17.     The terms of the Agreement and the absolute necessity of maintaining sufficient and consistent insurance coverage for all of the Debtor's assets, including all of the collateral of secured creditors, make the Agreement the best proposal available to the Debtor.

18.     Debtor believes that the terms of the proposed Agreement are fair and reasonable in light of current market conditions and are in the best interest of the Debtor's estate.

19.     For the foregoing reasons, Debtor has determined, in the exercise of its sound business judgment, that it requires the financing under the terms of the Agreement pursuant to the terms and conditions of the Order, and hereby request the Court's approval of the Agreement.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as **Exhibit A** and grant Debtor all other just and proper relief.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317)  692-9000
wes@kgrlaw.com

*Counsel for Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Miranda Bernadac**    mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri**    ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow**    chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin**    kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin**    lebbin@gmail.com
- **Ryan Murphy**    iumurphy19@gmail.com
- **Weston Erick Overturf**    woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Jennifer Prokop**    jennifer.prokop@usdoj.gov, jwprokop@yahoo.com

- **United States Trustee**    USTPRegion10.SO.ECF@usdoj.gov

I hereby certify that on May 20, 2026, a copy of the foregoing was mailed by

U.S. mail, postage prepaid, to the following:

Mailing Matrix attached hereto.[1]

/s/ Weston E. Overturf
Weston E. Overturf

---

[1] Parties who receive electronic service may not receive a paper copy.