# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

| | |
|---|---|
| Matthews 350 E LaSalle, LLC<br>*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11 |
| Commerce Center Development, LLC<br>*Debtor(s)* | (Jointly Administered) |

## ORDER GRANTING DEBTOR'S MOTION FOR ORDER (I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION INSURANCE PREMIUM FINANCING AND (II) GRANTING LIENS TO POST-PETITION LENDER

This matter having come before the Court on *Debtor's Motion for Order (i) Authorizing Debtor to Obtain Post-Petition Insurance Premium Financing and (ii) Granting Liens to Post-Petition Lender* (the "**Motion**"), filed herein by Debtor, Matthews 350 LaSalle, LLC ("**Debtor**"), through which Debtor seeks the Court's approval for Debtor to enter into the insurance premium finance agreement and to provide adequate protection of the interests of FIRST Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A., ("**FIRST INSURANCE**") in the bankruptcy case, and the Court, being duly advised of the requests of Debtor in the Motion and the circumstances related thereto, now finds that the Motion should be **Granted.**

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** as follows:

1.     The Motion shall be and is hereby **GRANTED**.

2.     The Debtor is authorized to:

a)     enter into the Premium Finance Agreement (the "**Premium Finance Agreement**"), effective April 2, 2026, a copy of which is attached to the Motion as Exhibit B and incorporated by reference;

b)      grant FIRST INSURANCE or its successor or assigns a first priority lien on and security interest in the Policies, including the unearned premiums and other collateral (collectively, the "**Collateral**"), as described in the Premium Finance Agreement; and

c)      timely make all payments due under the Premium Finance Agreement. FIRST INSURANCE is authorized to receive and apply such payments to the Indebtedness owed by the Debtor to FIRST INSURANCE as provided in the Premium Finance Agreement.

3.      Without limitation, the liens, security interests and rights in the Collateral granted under the Premium Finance Agreement: (i) are senior to (a) the liens of any lender providing DIP or cash collateral financing in this case and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); and (ii) shall not be subject to avoidance, priming or surcharge by any party-in-interest. Pursuant to the Premium Finance Agreement, the Debtor irrevocably appoints FIRST INSURANCE as its attorney-in-fact in the event of default to cancel any financed insurance Policies and collect the Collateral, as described infra.

4.      If additional premiums become due to insurance companies under the Policies financed under the Premium Finance Agreement, the Debtor and FIRST INSURANCE or its successor or assigns are authorized to modify the Premium Finance Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5.      In the event Debtor does not make any of the payments under the Premium Finance Agreement as they become due, the automatic stay shall automatically lift to

2

enable FIRST INSURANCE and or/third parties (without further order of this Court), including insurance companies providing the protection under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the Collateral and apply such Collateral to the Indebtedness owed to FIRST INSURANCE by Debtor.

6.      FIRST INSURANCE, or any third party, including insurance companies providing the coverage under the Policies, exercising such rights shall comply with the notice provisions and other provisions of the Premium Finance Agreement

7.      The Premium Finance Agreement and the liens and security interests in the Collateral granted pursuant hereto shall continue in full force and effect and Indebtedness due under the Premium Finance Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of this Case, (ii) the discharge of the Debtor, or (iii) the confirmation of a plan of reorganization.

8.      To the extent that any audits need to be performed by any carrier on any of the Policies, the Debtor or the trustee subsequently appointed under Chapter 7, shall reasonably cooperate.

9.      The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

**SO ORDERED.**

Dated: _____          _____
                                  Honorable Paul E. Singleton
                                  Judge, Northern District of Indiana
                                  Bankruptcy Court

3