UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

Matthews 350 E LaSalle, LLC
*Debtor(s)*

Case No. 26-30288-pes
Chapter 11

Commerce Center Development, LLC
*Debtor(s)*

(Jointly Administered)

### THIRD INTERIM ORDER
### AUTHORIZING DEBTORS TO USE CASH COLLATERAL FOR OPERATING EXPENSES AND GRANTING REPLACEMENT LIENS TO SECURED CREDITORS

This matter is before the Court on *Debtors' First Day Motion for Entry of Interim and Final Orders Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured Creditors* [Filing No. 7] (the "**Cash Use Motion**") filed by Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle and Commerce Center Development, LLC, as debtors and debtors-in-possession (each a "**Debtor**"; together, "**Debtors**").

The Court conducted a preliminary hearing on the Cash Use Motion on March 18, 2026, and entered a *First Interim Order Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured Creditors* [Filing No. 39] on March 19, 2026. The Court held a second hearing on the Cash Use Motion on May 6, 2026, and entered a *Second Interim Order Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured Creditors* [Filing No. 92] on May 7, 2026.

The Court held a third hearing on the Cash Use Motion on June 3, 2026 (the "**Hearing**") at which Debtors and KeyBank National Association ("**KeyBank**") requested

the Cash Use Motion be continued and interim cash use be extended.

The Court, having considered the Cash Use Motion, the matters presented at the Hearing, and the *Declaration of David Matthews in Support of Debtor's Chapter 11 Petitions and First Day Motions* (the **"Declaration"**), noting that no objections were filed, and being otherwise duly advised, finds that the relief requested in the Cash Use Motion should be, and hereby is, granted, on an interim basis.

Based on the foregoing, the Court makes the following findings of fact:

A.     In order to permit, among other things, the continued, orderly operation of Debtors' businesses, Debtors have an immediate need to use Cash Collateral[1], which may be subject to liens asserted by Creditors.

B.     Debtors have no present alternative borrowing source from which to secure sufficient additional funding to operate without utilizing Cash Collateral.

C.     The use of Cash Collateral is necessary to prevent immediate and irreparable harm to Debtors, their property, and the property of the bankruptcy estate that would otherwise result if Debtors were prevented from obtaining such relief.

D.     Without interim relief, Debtors will not be able to operate their businesses until a final hearing on the Cash Use Motion can be held.

E.     Debtors' use of Cash Collateral, to the extent and on the terms and conditions set forth herein, is in the best interest of Debtors, their bankruptcy estates, and their creditors, including the Creditors, in that it allows Debtors to maintain their businesses and avoid serious and irreparable harm to their bankruptcy estates and creditors.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Cash Use Motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1.    **Use of Cash Collateral**.  Debtors are authorized, on an interim basis, to use Cash Collateral to pay expenses consistent with the proposed budget attached hereto as **Exhibit 1** (the "**Budget**"), subject to the following terms and conditions:

    a. **Duration of Interim Order**.  Unless an extension to this Interim Order is agreed to in writing by Creditors or the Court orders otherwise, this Interim Order terminates on _____July 28_____, 2026 at 11:59 p.m. (prevailing Eastern Time), unless otherwise terminated before then under the terms of this Interim Order.

2.    **Adequate Protection**. To the extent a Creditor had an interest in Debtors' personal property, including without limitation Cash Collateral as of the Petition Date, such Creditor(s) are granted replacement liens in the Cash Collateral and the post-petition property of Debtors of the same nature and to the same extent and in the same priority held in the Cash Collateral on the Petition Date, retroactive to the Petition Date (the "**Adequate Protection Lien**"). Subject to the other provisions of this Order, the Adequate Protection Lien shall be valid and fully perfected without any further action and without the execution or recordation of any control agreements, financing statements, security agreements, or other documents.

3.    **Payment to KeyBank**.  In addition to a replacement lien, Debtors shall also make payments to KeyBank as set forth in the Budget.

4.    **Binding Effect of this Interim Order**. The provisions of this Interim Order shall be binding upon and inure to the benefit of Debtors and their respective successors, assigns, and trustees (including any trustee hereinafter appointed for the bankruptcy estates of Debtors).

5.    **Effect of Modification, Termination, Vacation, or Stay of this Interim Order**. If any or all provisions of this Interim Order are hereafter modified, terminated,

vacated, or stayed by subsequent order of this Court or any other Court, such modification, termination, vacation, or stay shall not affect the validity, priority, or enforceability of the liens, stipulations, waivers by Debtors, priorities, or other adequate protection granted to Creditors by this Interim Order, or by any other orders allowing Debtors to use Cash Collateral, prior to the effective date of any such order modifying, terminating, vacating, or staying this Interim Order.

6. **Service of Interim Order**. Debtors shall serve a copy of this Interim Order by first class mail within one (1) business day from the date hereof, on the Office of the United States Trustee, the Creditors, and each of Debtors' 20 largest unsecured creditors.

7. **Notice of Final Hearing**. A final hearing on the Cash Use Motion and this Interim Order is scheduled for _____ July 22 ___, **2026, at** __10:00 a **.m.** **(prevailing Eastern Time)** in Room 202, 401 South Michigan Street, South Bend, Indiana 46601.

SO ORDERED.

Dated: ____ June 3, 2026 _____

_Paul E. Singleton_
_____
Judge, Northern District of Indiana
Bankruptcy Court