UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

Matthews 350 E LaSalle, LLC
*Debtor(s)*

Commerce Center Development, LLC
*Debtor(s)*

Case No. 26-30288-pes
Chapter 11

(Jointly Administered)

## MATTHEWS 350'S OBJECTION TO
## THE REDEVELOPMENT COMMISSION'S PROOF OF CLAIM
### [Claim No. 5]

Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle, as debtor and debtor-in-possession ("**Matthews 350**" or "**Debtor**"), by counsel, hereby objects to the Proof of Claim filed by the Redevelopment Commission of the City of South Bend, Indiana ("**Redevelopment Commission**") on June 26, 2026 [Claim No. 5], and in support, states as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    On March 10, 2026 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

### The Claim

5.    On June 26, 2026, the Redevelopment Commission filed its Proof of Claim [Claim No. 5] (the "**Claim**") asserting an unsecured claim against Matthews 350 in the

amount of $10,879,877.00 (the "**Claim Amount**") alleging that the basis of the Claim is

"Damages from Breach of Contract/Alter Ego Liability" (the "**Claim Basis**").

6.      The only attachments the Redevelopment Commission attached to the

Claim are the following five (5) documents:

(i)     Development Agreement between "the City of South Bend, Department of Redevelopment, acting by and through its governing body, the South Bend Redevelopment Commission" and Commerce Center Development, LLC ("**CCD**") with a stated effective date of January 12, 2017 (the "**Original Agreement**");

(ii)    Addendum to Development Agreement between "the South Bend Redevelopment Commission, the governing body of the City of South Bend Department of Redevelopment" and CCD with a stated effective date of January 27, 2017 (the "**Addendum**"; together with the Original Agreement, the "**Development Agreement**");

(iii)   Resolution No. 4612-17 a Resolution of the Common Council of the City of South Bend Designating Certain Areas within the City of South Bend, Indiana, commonly known as 401 E. Colfax Ave., South Bend, IN 46617 an economic revitalization area for purposes of a (10) ten year real property tax abatement for Commerce Center Development, LLC, which indicates it was (i) passed by the Common Council of the City of South Bend, Indiana on January 9, 2017; (ii) presented to the Mayor of the City of South Bend, Indiana on January 10, 2017; and (iii) approved and signed by the Mayor on January 19, 2017;

(iv)    Resolution No. 4613-17 a Resolution confirming the adoption of a declaratory resolution designating certain areas within the City of South Bend, Indiana, commonly known as 401 E. Colfax Ave., South Bend, IN 46617 as an economic revitalization area for purposes of a (10) ten year real property tax abatement for Commerce Center Development, LLC, which indicates it was (i) passed byt eh Common Council fo the City of South Bend, Indiana on January 23, 2017; (ii) presented to the Mayor of the City of South Bend, Indiana on January 24, 2017; and (iii) approved and signed by the Mayor on January 24, 2017; and

(v)     Memorandum of Agreement (the "**MOA**"), which purports to "serve[] as confirmation of a commitment by Commerce Center Development, LLC", however, the MOA is **<u>unsigned</u>** and was **<u>never signed</u>** by CCD.[1]

---

[1] In addition to being unsigned (and never signed) by CCD, the MOA attached to the Claim is also not by any party that has a signature line on the MOA, which parties are: (i) Counsel, South Bend Common Council; (ii) Counsel for Applicant; (iii) President, South Bend Common Council; (iv) Chairperson, Community Investment Committee; (v) Department of Community Investment; and (vi) Mayor.

**<u>Objection to Claim and Basis Therefor</u>**

7.      Debtor objects to the Redevelopment Commission's Claim, pursuant to § 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Rule B-3007-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Indiana, as the Redevelopment Commission (i) has failed to substantiate the Claim Amount, (ii) presumably relies upon writings not filed with the Claim, (iii) the Claim relies upon a document in which the Redevelopment Commission cannot enforce, and (iv) Matthews 350 is not a party to the Development Agreement and denies any alter ego liability thereunder.

8.      Therefore, by this Objection, Debtor is requesting that the Redevelopment Commission's Claim be disallowed.

**I.      Failure to Substantiate the Claim Amount.**

9.      The Claim fails to include any calculation, breakdown, or supporting documentation showing how the asserted Claim Amount was determined.

10.     The Redevelopment Commission has not provided any itemization of damages, nor has it attached any evidence demonstrating the basis for the Claim Amount.

11.     A proof of claim that fails to include sufficient documentation to establish both the validity and the amount of the claim is not entitled to prima facie validity.

**II.     Failure to File Writing Presumably Relied Upon.**

12.     The Development Agreement defines, cites to, and bases obligations upon an "RDA Contract", which was not filed with the Claim.

3

13.     The Development Agreement provides that the "RDA Contract" sets the "Mandatory Project Completion Date" by which CCD was to complete the project, as follows:

> [CCD] agrees to complete the Project and any other obligations [CCD] may have under this Agreement by the competition date established in the RDA Contract or otherwise agreed between [CCD] and the RDA, as may be modified due to unforeseen circumstances and delays (the "Mandatory Project Completion Date"). Notwithstanding any provision of this Agreement to the contrary, [CCD's] failure to complete the Project or any other obligations [CCD] may have under this Agreement by the Mandatory Project Completion Date will constitute a default under this Agreement without any requirement of notice of or an opportunity to cure such failure.

[Development Agreement, Section 4.5].

14.     In the event the Redevelopment Commission is relying on the "Mandatory Project Completion Date" to establish a basis for its Claim, the Claim is based on a writing (the "RDA Contract") that the Redevelopment Commission did not file with the Claim, as required by Bankruptcy Rule 3001(c)(1).

15.     Debtor presumes the Redevelopment Commission is relying upon the "Mandatory Project Completion Date" based on the "RDA Contract" because, otherwise, the Redevelopment Commission has not complied with the terms of the Development Agreement to institute legal proceedings for the alleged breach of contract it asserts as the Claim Basis.

16.     Pursuant to the Development Agreement, excluding any basis for breach that relies upon the "Mandatory Project Completion Date", if either party to the Development Agreement fails to perform any term or provision thereunder, the other party must provide written notice of such failure and allow a period of thirty (30) days therefrom for such alleged failure to be cured. Further, such notice must specify the nature of the

4

alleged failure and, where appropriate, the manner in which said failure satisfactorily may be cured. [Development Agreement, Section 7.1].

17.     The Redevelopment Commission did not provide any written notice, thirty (30) days prior to instituting legal proceedings or otherwise, regarding any alleged failure not directly regarding the "Mandatory Project Completion Date".

### III.     The MOA is Unenforceable.

18.     The MOA the Redevelopment Commission attached to the Claim is not signed, and was never signed, by CCD.

19.     Presumably, the Redevelopment Commission attached the MOA to the Claim because it is a writing upon which the Redevelopment Commission relies for its Claim Basis.

20.     As the MOA is not signed, and was never signed, by CCD, the MOA is unenforceable against CCD, and therefore unenforceable against Matthews 350, and any reliance thereon by the Redevelopment Commission for its Claim is improper.

### IV.     Debtor Denies any Liability to the Redevelopment Commission.

21.     As the Redevelopment Commission has failed to adequately substantiate its Claim Amount, Debtor is left to guess under what theories the Claim Amount is based and how it was calculated. Nevertheless, Debtor denies liability to the Redevelopment Commission under any theory or calculation.

22.     Debtor is not a party to the Development Agreement, or any agreement the Redevelopment Commission attached to the Claim, and denies any alter ego liability to the Redevelopment Commission.

5

23.    In the event the Claim Amount is based on Section 7.2 of the Development Agreement, which relies upon the "Mandatory Project Completion Date", Debtor asserts such section is an unenforceable penalty clause under Indiana law.

24.    In the event the Claim Amount is based on alleged failures not reliant upon the "Mandatory Project Completion Date", Debtor asserts that the Redevelopment Commission has not complied with the procedures of the Development Agreement, namely Section 7.1 as referenced above, to institute proceedings against Debtor seeking remedies for such alleged failures.

25.    Debtor asserts that the force majeure clause [Development Agreement, Section 7.3] excuses certain breaches that may be alleged, but for which Debtor cannot adequately expand upon without the Redevelopment Commission adequately substantiating its Claim.

26.    In the event the Claim Amount is based on any tax abatement, it is unclear whether the Redevelopment Commission is the proper party to assert such a claim as the Redevelopment Commission is a separate legal entity from the City of South Bend.

**WHEREFORE**, Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle, as debtor and debtor-in-possession, hereby objects to the Proof of Claim [Claim No. 5], filed by Redevelopment Commission of the City of South Bend, Indiana, and request that such claim be disallowed and that Debtor be granted all other relief deemed just and proper by the Court.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.

6

111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317)  777-7443
woverturf@kgrlaw.com
acarreri@kgrlaw.com

*Counsel for Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Miranda Bernadac**    mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri**    ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow**    chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin**    kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin**    lebbin@gmail.com
- **Ryan Murphy**    iumurphy19@gmail.com
- **Weston Erick Overturf**    woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Jennifer Prokop**    jennifer.prokop@usdoj.gov, jwprokop@yahoo.com
- **United States Trustee**    USTPRegion10.SO.ECF@usdoj.gov

I hereby certify that on July 2, 2026, a copy of the foregoing was mailed by U.S. mail, postage prepaid, to the following:

NONE

*/s/ Weston E. Overturf*
Weston E. Overturf

7