UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

Matthews 350 E LaSalle, LLC
     *Debtor(s)*
Commerce Center Development, LLC
     *Debtor(s)*

Case No. 26-30288-pes
Chapter 11

(Jointly Administered)

## MOTION TO CONDUCT RULE 2004 EXAMINATION

The Redevelopment Commission of the City of South Bend (the "Commission"), Creditor in the above-entitled bankruptcy proceeding, by counsel, requests the Court's authority to conduct a Rule 2004 Examination of Commerce Center Office Building, LLC ("CCOB"), and in support thereof, states as follows:

1. Beginning in 2014, the Commission sought to promote development in downtown South Bend, Indiana.

2. Specifically, the Commission sought to facilitate development of a grocery store and pharmacy to meet the basic human needs for the citizens living in downtown South Bend.

3. In 2016, representatives of Commerce Center Development, LLC ("CCD"), Debtor in the above-entitled bankruptcy proceeding, initiated discussions with the Commission regarding a proposed downtown development project that would include new residential units, a full-service grocery store and pharmacy, street-level retail, and a large public plaza in the northeast corner of its property ("Project").

4. On January 12, 2017, the Commission entered into a Development Agreement (the "Agreement") with CCD.

5. Section 9.11 of the Agreement prohibited CCD from assigning its rights or obligations under the Agreement without written consent from the Commission:

> "The Developer's rights under this Agreement shall be personal to the Developer and shall not run with the land. The Developer may not assign its rights or obligations under this Agreement to any third party without obtaining the Commission's prior written consent to such assignment, which the Commission may give or withhold in its sole discretion."

6. On January 23, 2017, the Commission entered into a Memorandum of Agreement with CCD (the "MOA").

7. The MOA granted CCD a ten-year real property tax abatement in connection with the development of a multi-tenant mixed use expansion project at 401 E. Colfax Ave., South Bend, IN 46617, known as the Commerce Center Development ("Commerce Center Development").

8. In exchange for the tax abatement, CCD committed to a capital expenditure of $35,000,000.00 for construction of 144 residential units, approximately 30,000 sq. ft. of commercial and retail space, and a parking garage with 500+ spaces, and further committed to the creation of 84 permanent full-time jobs representing an annual payroll of $2,297,568.00.

9. The tax abatement granted under the MOA constitutes a core economic benefit provided to CCD in exchange for its development, investment, and job-creation commitments.

10. Section 14 of the MOA expressly provides that CCD may not assign or transfer its rights or obligations thereunder without the prior written consent of the Commission.

11. In October 2019, CCD subdivided the developed property comprising the Project.

12. On October 30, 2019, CCD, as Landlord, secretly executed a 99-year ground lease with Commerce Center Office Building, LLC ("CCOB"), as Tenant (the "Ground Lease"), pursuant to which CCD transferred a parcel of the subdivided developed property (including all of the real estate upon which the Project was to be developed) for the total sum of $99.00 ($1 per year), prepaid.

13. CCD did not inform the Commission about the Ground Lease, nor did it ask the Commission for written consent to any assignment, transfer, or delegation of CCD's rights or obligations under either the Agreement or MOA to CCOB.

14. Following execution of the Ground Lease, responsibility for development, operation, and control of the Project was transferred to CCOB.

15. Taken together, the Agreement and MOA required CCD to serve as the developer responsible for the execution, financing, and completion of the Project, and expressly prohibited any assignment or transfer of CCD's rights or obligations without the Commission's prior written consent.

16.  Notwithstanding these restrictions, CCD subsequently structured and implemented a transaction through which all substantive rights, obligations, control, and economic benefits associated with the Project were transferred to CCOB under the Ground Lease.

17. Pursuant to the Ground Lease, CCOB assumed control over the development, operation, and management of the Project and became the recipient of the economic benefits associated with the tax abatement granted under the MOA, including the right to receive and enjoy such benefits for the duration of the Ground Lease's term.

18. As a result of the Ground Lease, CCD no longer retains meaningful control over the Project or the economic benefits of the MOA or Agreement, notwithstanding that CCD remains the nominal contracting party under both instruments.

19. The Commission did not consent in writing to any such transfer, assignment, or delegation of CCD's rights or obligations under either the Agreement or the MOA.

20. On March 10, 2026, the Debtor, CCD, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

21. On April 27, 2026, CCD filed a Motion to Assume, wherein CCD seeks to assume the Ground Lease between CCD and CCOB pursuant to Section 365 of the Bankruptcy Code. The Commission has objected to the assumption of this lease, as the economic benefit to the estate of assumption does not appear to exist.

22. No information has been provided regarding the financial affairs of CCOB to date, or the financial affairs of CCD as it relates to CCOB.

23. CCD's counsel indicates that CCOB refuses to provide such information.

24. The Commission believes, accordingly, that a Rule 2004 examination of CCOB is necessary to compel the disclosure of the financial affairs of CCOB regarding the benefit transferred from the estate to this entity.

WHEREFORE, the Commission moves this court for an order granting the Commission's Motion to Conduct Rule 2004 Examination of CCOB, and for all relief as is proper in the premises.

Dated: August 11, 2026                              Respectfully Submitted,

*/s/ Katherine E. Iskin*
Katherine E. Iskin (33679-71)
**MAY OBERFELL LORBER LLP**
4100 Edison Lakes Parkway, Suite 100

Mishawaka, IN 46545
Telephone: 574-243-4100
E-mail:  kiskin@maylorber.com

## **CERTIFICATE OF SERVICE**

I certify that on August 11, 2026, a copy of the foregoing was filed electronically with the

Clerk using the CM/ECF System, which sent notification of such filing to all counsel of record.

I certify that on August 11, 2026, a copy of the foregoing was sent via USPS to:

Commerce Center Office Building LLC, 401 E Colfax Ave, Ste 277, South Bend, IN, 46617

*/s/ Katherine E. Iskin*
Katherine E. Iskin (33679-71)