UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

Matthews 350 E LaSalle, LLC
*Debtor(s)*

Commerce Center Development, LLC
*Debtor(s)*

Case No. 26-30288-pes
Chapter 11

(Jointly Administered)

## RESPONSE TO REQUEST FOR HEARING
### [Filing No. 152]

Debtors, Matthews 350 E Lasalle LLC d/b/a 300 E Lasalle d/b/a 300 East Lasalle ("**Matthews**") and Commerce Center Development, LLC ("**CCD**"; together, the "**Debtors**"), as debtors and debtors-in-possession, by counsel, for their Response to the *Request for Hearing* [Filing No. 152] (the "**Request for Hearing**"), filed by the Redevelopment Commission of the City of South Bend, Indiana ("**Redevelopment Commission**"), state as follows:

## Introduction

As with the Redevelopment Commission's *Motion to Conduct 2004 Examination* [Filing No. 153] (the "**2004 Motion**"), had the Redevelopment Commission made any effort to resolve the issues raised in the Request for Hearing prior to seeking intervention by this Court, the matter would have been resolved without any need for Court intervention.

## Jurisdiction and Venue

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     On March 10, 2026 (the "**Petition Date**"), Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

### Relevant Procedural and Factual Background

5.     On April 27, 2026, CCD filed a *Motion to Assume Unexpired Ground Lease with Commerce Center Office Building LLC* [Filing No. 83] (the "**CCD Motion to Assume**"), wherein CCD seeks to assume the Ground Lease between CCD and Commerce Center Office Building LLC ("**CCOB**").

6.     The Redevelopment Commission filed an objection [Filing No. 97] (the "**Assumption Objection**") to the CCD Motion to Assume on an entirely speculative argument that CCD cannot demonstrate an economic benefit for assuming the Lease.

7.     On June 3, 2026, this Court held a hearing on, among other things, the CCD Motion to Assume and the Assumption Objection.

8.     Following the hearing an *Order Addressing (1) Motion to Use Cash Collateral [Doc 7]; (2) Motions to Assume Unexpired Leases [Docs 81, 83]; (3) Motion to Disqualify [Doc 85]; (4) Oral Request to Extend Exclusivity Period to July 28, 2026* [Filing No. 119] (the "**Hearing Order**").

9.     The Hearing Order requires that "Debtors and the Redevelopment Commission must complete the Report attached to this Order. For the parties' convenience, the Court is emailing a copy of the document in word format".  *See* Filing No. 119 p. 2.

2

**Response to Request for Hearing**

10.    Debtors acknowledge that the Report attached to the Hearing Order has not been completed or filed.

11.    However, as with certain statements contained in the 2004 Motion, the claim that "undersigned has been unsuccessful in securing information regarding this from opposing counsel" is patently untrue.

12.    Debtors' undersigned counsel conducted a search of his e-mail from Katherine Iskin and there is not a single e-mail or communication which references the Report or anything other than the issues (related to providing financial information of a non-debtor) which are more fully set forth in Debtors' Objection to the 2004 Motion being filed concurrently herewith.

13.    A hearing on the status of the Report is not necessary.

14.    What is necessary is that the parties counsel work together to engage in the discovery process as contemplated under the Federal Rules of Bankruptcy Procedure, which apply the Federal Rules of Civil Procedure.

15.    Debtors' counsel is sending a draft of the Report to the attorneys for the Redevelopment Commission concurrently with this filing.

**WHEREFORE**, Debtors, Matthews 350 E Lasalle LLC d/b/a 300 E Lasalle d/b/a 300 East Lasalle and Commerce Center Development, LLC, hereby object to the Redevelopment Commission's *Request for Hearing* [Filing No. 152], and requests that the Request for Hearing be denied and the Redevelopment Commission ordered to engage in the discovery process in good faith, and that Debtors be granted all other relief deemed just and proper by the Court.

3

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317)  777-7443
woverturf@kgrlaw.com
acarreri@kgrlaw.com

*Counsel for Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Miranda Bernadac**    mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri**    ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow**    chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin**    kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin**    lebbin@gmail.com
- **Ryan Murphy**    iumurphy19@gmail.com
- **Weston Erick Overturf**    woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Jennifer Prokop**    jennifer.prokop@usdoj.gov, jwprokop@yahoo.com
- **United States Trustee**    USTPRegion10.SO.ECF@usdoj.gov

I hereby certify that on August 13, 2026, a copy of the foregoing was mailed by U.S. mail, postage prepaid, to the following:

NONE

*/s/ Weston E. Overturf*
Weston E. Overturf

4