UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the Matter of:

|  |  |
|---|---|
| Matthews 350 E LaSalle, LLC<br>*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11 |
| Commerce Center Development, LLC<br>*Debtor(s)* | (Jointly Administered) |

## OBJECTION TO MOTION TO CONDUCT RULE 2004 EXAMINATION
### [Filing No. 153]

Debtors, Matthews 350 E Lasalle LLC d/b/a 300 E Lasalle d/b/a 300 East Lasalle ("**Matthews**") and Commerce Center Development, LLC ("**CCD**"; together, the "**Debtors**"), as debtors and debtors-in-possession, by counsel, for their Objection to the *Motion to Conduct Rule 2004 Examination* [Filing No. 153] (the "**2004 Motion**") filed by the Redevelopment Commission of the City of South Bend, Indiana ("**Redevelopment Commission**"), state as follows:

## Introduction

The 2004 Motion at best lacks accuracy with respect to the background information and argument incorporated as the basis for its request to conduct a 2004 examination and is also entirely misleading with respect to the Redevelopment Commission's claim that "CCD's counsel indicates that CCOB refuses to provide such information". *See* 2004 Motion, ¶ 23.

Indeed the 2004 Motion is an effort by the Redevelopment Commission to needlessly involve this Court in a dispute that is not a dispute rather than actually attempt to cooperate and work with Debtors to resolve the years long litigation based on personal

vendettas or use the applicable Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and discovery process that is available under Rule 9014.

The 2004 Motion should be denied and the Redevelopment Commission ordered to engage in the discovery process in good faith.

### Jurisdiction and Venue

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      On March 10, 2026 (the "**Petition Date**"), Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

### Relevant Procedural and Factual Background[1]

5.      On April 27, 2026, CCD filed a *Motion to Assume Unexpired Ground Lease with Commerce Center Office Building LLC* [Filing No. 83] (the "**CCD Motion to Assume**"), wherein CCD seeks to assume the Ground Lease between CCD and Commerce Center Office Building LLC ("**CCOB**").

6.      The Redevelopment Commission filed an objection [Filing No. 97] (the "**Assumption Objection**"), to the CCD Motion to Assume on an entirely speculative argument that CCD cannot demonstrate an economic benefit for assuming the Lease.

---

[1] Much of the Redevelopment Commission's 2004 Motion is focused on its mischaracterization of the agreements between CCD and the Redevelopment Commission and the Ground Lease (as defined in the 2004 Motion) that CCD seeks to assume.  *See* 2004 Motion, ¶¶ 1-19.  Debtors have addressed many of such mischaracterizations in other filings and/or at hearings and therefore are not addressing the mischaracterizations in this filing.

7.     Thereafter, the Redevelopment Commission requested certain financial information of not only Debtors but also certain non-debtor entities (e.g. CCOB) demonstrating the economic benefit of assuming the Ground Lease.

8.     Specifically, the following information was requested by the Redevelopment Commission:

- Documentation supporting a dollar value of any benefit flowing to CCD from the leases with CCOB and M350, by lease;

  - This is probably going to be in the form of a profit/loss statement or similar. If so, the payee should be identified on the expenses;

- Documentation supporting the dollar value of the revenue flowing to CCOB and M350 from the buildings with CCD on the deed;

  - Same note on the P&L as the prior item;

- Documentation showing all expenses/benefits from legal ownership of the underlying real estate, if this is not readily available on the P&L;

- Proof of which entity pays taxes for the real property as well as the operational portion of the expenses;

- Tax returns for the debtor entities

9.     While the Redevelopment Commission is correct in its statement that "no information has been provided" [2004 Motion ¶ 22], the Redevelopment Commission's assertion that "CCD's counsel indicates that CCOB refuses to provide such information" [2004 Motion ¶ 23], could not be further from the truth.

10.     In fact, in an email dated June 24, 2026, CCD's undersigned counsel stated

I have some of the documents which have been provide and discussed them with Mr. Matthews.  Some of the documents requested are for non-

debtors and understandably Mr. Matthews has concerns about sharing those documents and has requested a protective order.  I will get you a draft of that and then we can immediately share documents.

11.	Thereafter, on August 2, 2026, Debtors undersigned counsel sent a draft of a protective order to the Redevelopment Commission's attorney with an acknowledgement that the passage of time had been greater than expected due to Debtors having been focused on getting *Debtors' Combined Chapter 11 Plan of Reorganization* [Filing No. 144] prepared and on file.

12.	Without providing any comments on the draft of the protective order, on August 11, 2026, the Redevelopment Commission filed the 2004 Motion citing as its basis that "CCOB refused to provide such information".  2004 Motion ¶ 23.

### Objection to 2004 Motion and Basis Therefor

13.	As acknowledged by the Redevelopment Commission in its 2004 Motion, the Redevelopment Commission filed the Assumption Objection [2004 Motion ¶ 21], thereby creating a "Contested Matter" under Rule 9014.

14.	Bankruptcy Rule 9014, by the plain language of its title, deals with "Contested Matters".

15.	Outside of the description given in Bankruptcy Rule 9014, the term "Contested Matter" is not defined in the Bankruptcy Code. To the extent that the term "Contested Matter" is ambiguous and it is unclear whether the CCD Motion to Assume and Assumption Objection fall within the meaning of such term, we must look beyond the plain language of the Bankruptcy Code to determine the meaning of the term "Contested Matter". See *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 610 n.4 (1991) (considering legislative history where the statute was ambiguous).

4

16. In doing so, it is common to look at the legislative history or the comments to the rule to determine if there is a clear or specific intent as to whether the legislature wanted the term "Contested Matter" applied to the situation at hand. See *Johnson v. De Grandy*, 114 S. Ct. 2647, 2656 n.9 (1994); *Dewsnup v. Timm*, 112 S. Ct. 773, 779 (1992); *Southwest Marine, Inc. v. Gizoni*, 112 S. Ct. 486, 492 (1991) (each standing of the proposition that committee reports are authoritative legislative history.)

17. Significantly, here, the Advisory Committee Notes to Bankruptcy Rule 9014 indicate the clear and specific intent to apply the term "Contested Matter" to disputes involving "the assumption or rejection of executory contracts or unexpired leases". Specifically, the Advisory Committee Notes state as follows:

> Rules 1017(d), 3020(b)(1), 4001(a), 4003(d), and 6006(a), which govern respectively dismissal or conversion of a case, objections to confirmation of a plan, relief from the automatic stay and the use of cash collateral, avoidance of a lien under § 522(f) of the Code, and the assumption or rejection of executory contracts or unexpired leases, specifically provide that litigation under those rules shall be as provided in Rule 9014. This rule also governs litigation in other contested matters.
>
> Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. For example, the filing of an objection to a proof of claim, to a claim of exemption, or to a disclosure statement creates a dispute which is a contested matter. Even when an objection is not formally required, there may be a dispute. If a party in interest opposes the amount of compensation sought by a professional, there is a dispute which is a contested matter.
>
> When the rules of Part VII are applicable to a contested matter, reference in the Part VII rules to adversary proceedings is to be read as a reference to a contested matter. See Rule 9002(1).

Fed. R. Bankr. P. 9014.

18. The plain language of Section C of Bankruptcy Rule 9014 specifically enumerates certain rules that apply in "Contested Matters". Specifically included in such

enumeration are Rules 7028 – 7037 – the rules related to discovery and the discovery process.

19.     The 2004 Motion appears to be the Redevelopment Commission's attempt to circumvent the discovery process and rules and/or needlessly involve this Court without engaging in efforts to resolve CCOB's – a non-debtor – request for a protective order, all the while continuing to rely on its mischaracterization of the facts and false allegations that "CCOB refused to provide such information".  2004 Motion ¶ 23.

20.     To the extent that the Redevelopment Commission seeks information and Debtors have not or will not produce the information by agreement (which is not the case), the Redevelopment Commission should be required to use the discovery process available to it under Rule 9014 and the other applicable rules, not circumvent such process by way of Rule 2004.

**WHEREFORE**, Debtors, Matthews 350 E Lasalle LLC d/b/a 300 E Lasalle d/b/a 300 East Lasalle and Commerce Center Development, LLC, hereby object to the Redevelopment Commission's *Motion to Conduct Rule 2004 Examination* [Filing No. 153], requests that the 2004 Motion be denied and the Redevelopment Commission ordered to engage in the discovery process in good faith, and that Debtors be granted all other relief deemed just and proper by the Court.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317)  777-7443
woverturf@kgrlaw.com

acarreri@kgrlaw.com

*Counsel for Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Miranda Bernadac**    mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri**    ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow**    chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin**    kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin**    lebbin@gmail.com
- **Ryan Murphy**    iumurphy19@gmail.com
- **Weston Erick Overturf**    woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Jennifer Prokop**    jennifer.prokop@usdoj.gov, jwprokop@yahoo.com
- **United States Trustee**    USTPRegion10.SO.ECF@usdoj.gov

I hereby certify that on August 13, 2026, a copy of the foregoing was mailed by U.S. mail, postage prepaid, to the following:

NONE

*/s/ Weston E. Overturf*
Weston E. Overturf