UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| *IN RE:*<br>MATTHEWS 350 E LASALLE LLC,<br>*Debtor*.<br><br>COMMERCE CENTER DEVELOPMENT, LLC,<br>*Debtor*. | Case No.: 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |

**Order Setting In-Person Evidentiary Hearing on Debtors' Motion to Disqualify**

This case involves "migratory lawyers,"[1] and the duties and obligations a migrating lawyer's[2] former firm owes to one of the firm's former clients. Before Debtors Matthews 350 E LaSalle LLC and Commerce Center Development, LLC, filed their Chapter 11 petitions, Attorney Marcellus Lebbin was a lawyer working at May Oberfell Lorber, LLP. Lebbin represented Commerce Center, and Commerce Center entered into an agreement with the City of South Bend's Redevelopment Commission. Lebbin has since left May Oberfell, and May Oberfell represents the Commission as a creditor in this case. Matthews 350 moves[3] the Court to disqualify

[1] *XYZ, D.O. v. Sykes*, 20 N.E.3d 582, 585 n. 2 (Ind. Ct. App. 2014) (citing Donald R. Lundberg, *Migratory Lawyers and Other Exotic Species*, 49 Res Gestae 27 (June 2006)).

[2] As explained in detail below, the Indiana Rules of Professional Conduct (IRPC) apply to motions to disqualify. The IRPC uses "lawyer." *See e.g.*, IRPC 1.9. The Bankruptcy Code uses "attorneys." *See e.g.*, 11 U.S.C. § 327(a). This Order will use the terms interchangeably.

[3] As explained below, Mathews 350 and Commerce Center has the same principal and many of the same attorneys. No one suggested that Mathews 350 lacks standing to file its Motion, even though the Motion pertains to Commerce Center and the

May Oberfell [Doc 85],[4] and May Oberfell objects and supplements its objection with affidavits from current May Oberfell lawyers. [Doc 100.] The Court has insufficient evidence to decide whether May Oberfell should be disqualified, and therefore, sets the Motion for an in-person evidentiary hearing on **October 28, 2026, at 10:00 a.m.** eastern time, Room 202, 401 S. Michigan Street, South Bend, Indiana.

## I. Background

David Matthews is a principal for both Debtors Matthews 350 and Commerce Center.[5] Both Debtors' principal place of business is in St. Joseph County, Indiana.[6] It appears that in December 2016, Marcellus Lebbin was an attorney at May Oberfell Lorber,[7] and he represented Commerce Center.[8] Commerce Center and the Commission both signed the "Development Agreement" in late December 2016 or early January 2017.[9] Under the Agreement, Commerce Center was to redevelop property "in accordance with the project plan."[10] Sometime after January 2017 and

---

Commission.

[4] Mathews 350 chose not to file a reply in support of their Motion to Disqualify. [Doc 115.]

[5] Doc 1 at p. 4; *In Re Commerce Center Development, LLC*, 26-30289-pes, at Doc 1 at p. 4.

[6] Doc 1 at p. 1; *Commerce Center*, 26-30289 at Doc 1.

[7] Doc 85-1 at p. 18; Doc 100 at pp. 1–3.

[8] Doc 85-1 at p. 18; Doc 100 at pp. 1–3.

[9] Doc 85-1 at pp. 2, 18.

[10] Doc 85-1 at p. 2. In Doc 85-1, Commerce Center attached a copy of the "Development Agreement" to its Motion to Disqualify. The Development Agreement

before March 10, 2026 (the date Debtors petitioned the Court for bankruptcy relief) Lebbin left May Oberfell.[11]

## II. Jurisdiction and Venue

The Court has jurisdiction under 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a) and (b); 28 U.S.C. § 151; and N.D. Ind. L.R. 200-1(a). This Court is the proper venue. 28 U.S.C. § 94(a)(2).

## III. Relevant Law

### A. Seventh Circuit Case Law and Local Rules

Seventh Circuit case law and local rules both mandate that the Court apply the Indiana Rules of Professional Conduct (IRPC). The Seventh Circuit explained, the IRPC dictates whether disqualification is appropriate. *Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (explaining "federal courts must follow federal rules, but most 'federal courts use the ethical rules of the states in which they sit.'" (citing *Huusko v. Jenkins*, 556 F.3d 633, 636 (7th Cir. 2009)).

Consistent with *Watkins*, the local rules require this Court to apply the IRPC. Local Bankruptcy Rule B-9010-1(d)[12] addresses attorney admissions and applicable

references "Project Plan" as Exhibit B [Doc 85-1 at p. 1], but the Project Plan was not included in its filing.

[11] Neither the Motion nor the Objection state when Lebbin left May Oberfell.

[12] The Local Rules of the United States Bankruptcy Court for the Northern District of Indiana can be found at: https://www.innb.uscourts.gov/court-info/local-rules-and-orders/local-rules (last accessed on August 22, 2026).

ethical rules. The Rule states the District Court's Local Rule 83-5(a)(3),[13] (d), and (e) apply "to all matters pending in the bankruptcy court." N.D. Ind. L.B.R. B-9010-1(d). Under District Court Local Rule 83-5(e), the IRPC and the Seventh Circuit Standards of Professional Conduct[14] apply to attorneys practicing in the Northern District of Indiana.

B. IRPC Rules 1.9, 1.10, and Migratory Lawyers

Ethical issues concerning migratory lawyers trigger IRPC Rules 1.9 (Duties to Former Clients) and 1.10 (Imputation of Conflicts of Interest: General Rule). *XYZ, D.O. v. Sykes*, 20 N.E.3d 582, 585, 586 (Ind. Ct. App. 2014).[15] The Court reproduces the full text of Rule 1.9 below:

Rule 1.9: Duties to Former Clients[16]

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially

[13] The District Court's Local Rules can be found at: https://www.innd.uscourts.gov/sites/innd/files/CurrentLocalRules.pdf (last accessed on August 22, 2026).

[14] A section of the Preamble of the Circuit's Standards of Professional Conduct states, "These standards shall not be used as a basis for litigation or for sanctions or penalties." The Standards are available at: https://www.ca7.uscourts.gov/pages/LandingPage.php?page=standards-for-professional-conduct (last accessed on August 22, 2026).

[15] In *XYZ*, the migrating lawyer represented a doctor in six medical malpractice cases. 20 N.E.3d at 583, 584. The migrating lawyer then went to a new firm, and the new firm represented plaintiffs in a lawsuit against the migrating lawyer's former client, the doctor. *Id*. at 584. Although the facts in this case are different – the client remained with the migrating lawyer – the Court finds Indiana Court of Appeals analysis in *XYZ* convincing.

[16] The IRPC are available at: https://rules.incourts.gov/Content/prof-conduct/default.htm (last accessed on August 22, 2026).

> related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
> > (1) whose interests are materially adverse to that person; and
> >
> > (2) about whom the lawyer had acquired information protected by Rules 1. 6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> > (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> >
> > (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

The next applicable rule in analyzing migratory lawyers is INRPC 1.10. *See generally*, *XYZ,* 20 N.E.3d at 586. The Court reproduces the applicable parts of that Rule below:

> <u>IRPC 1.10: Imputation of Conflicts of Interest: General Rule</u>
>
> (b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:
>
> > (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
> >
> > (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

C. How to Apply IRPC 1.9 and 1.10 with Migratory Lawyers

In applying Rules 1.9 and 1.10 for purposes of migratory lawyers, the Indiana Court of Appeals and the Seventh Circuit both use a three-step test. *XYZ*, 20 N.E.3d at 586 (quoting *Gerald v. Turnock Plumbing, Heating & Cooling, LLC.*, 768 N.E.2d 498, 503 (Ind. Ct. App. 2002)). The three-step step is as follows:

> (1) Determine whether a substantial relationship exists between the subject matter of the prior and present representations.
>
> (2) If … a substantial relationship does exist, … ascertain whether the presumption of shared confidences with respect to the prior representation has been rebutted.
>
> (3) If … this presumption has not been rebutted … determine whether the presumption of shared confidences has been rebutted with respect to the present representation. Failure to rebut this presumption would also make disqualification proper.

*Id.* at 586 (quoting *Gerald*, 768 N.E.2d at 503).[17]

When considering whether to disqualify a firm, trial courts should be mindful that:

- "[E]xcept under very specific conditions, if an individual lawyer is personally disqualified from a client representation, his or her new law firm is also disqualified" *Id.* at 586.

- "[I]mputed disqualification of an entire law firm is a serious penalty," and the decision to disqualify should not be taken lightly. *Id.* at 589.

- "[P]ublic trust in the integrity of the judicial process requires that any serious doubt be resolved in favor of disqualification." *Id.* (quoting *Robertson v. Wittenmyer*, 736 N.E.2d 804, 806 (Ind. Ct. App. 2000)).

- In considering motions to disqualify, two important considerations are the "delicacy of the balance that must be maintained between … the sacrosanct privacy of the attorney-client relationship (and the professional integrity implicated by that relationship) and the prerogative of a party to proceed with counsel of its choice." *Schiessle v.*

[17] This Court added the numbers for clarity.

*Stephens*, 717 F.2d 417, 419–20 (7th Cir. 1983) (citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)); and

- Motions to disqualify are "drastic measure which courts should hesitate to impose except when absolutely necessary." *Id.* (quoting *Freeman*, 689 F.2d at 721).

## IV. Analysis

Mathews 350 and May Oberfell have not given the Court sufficient information to examine IRPC Rules 1.9 and 1.10. The Court cannot implement the three-step test. Nor does the Court know:

- If there are specific conditions to disqualify May Oberfell;
- whether the Court should implement the serious penalty and disqualify May Oberfell;
- whether the integrity of the judicial process is in serious doubt;
- how the Court should balance the privacy of the attorney-client relationships between both Lebbin and Commerce Center and May Oberfell and the Commission with the Commission's prerogative to choose May Oberfell as its counsel; or
- whether the Court should implement the drastic measure because disqualifying May Oberfell is absolutely necessary.

## V. Conclusion

The Court sets this matter for an in-person evidentiary hearing on **October 28, 2026, at 10:00 a.m.** eastern time, Room 202, 401 S. Michigan Street, South Bend, Indiana. The parties should consider Doc 169, the Order Directing the Parties to File a Joint Pretrial Order, which is being filed contemporaneously with this Order.

SO ORDERED.

Date: August 26, 2026

Paul E. Singleton

PAUL E. SINGLETON
*United States Bankruptcy Judge*