United States Bankruptcy Court
Northern District of Indiana

In re: Case No. 26-30288-pes
Matthews 350 E LaSalle LLC Chapter 11
Debtor

# CERTIFICATE OF NOTICE

District/off: 0755-3 User: admin Page 1 of 2
Date Rcvd: Aug 31, 2026 Form ID: pdf004 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 02, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Matthews 350 E LaSalle LLC, 401 E. Colfax Ave., Suite 277, South Bend, IN 46617-2783 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 31, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Anthony Thomas Carreri | on behalf of Debtor 1 Matthews 350 E LaSalle LLC ACarreri@kgrlaw.com dg@kgrlaw.com;lstella@kgrlaw.com |
| Anthony Thomas Carreri | on behalf of Defendant Commerce Center Development LLC ACarreri@kgrlaw.com, dg@kgrlaw.com;lstella@kgrlaw.com |
| Anthony Thomas Carreri | on behalf of Debtor 1 Commerce Center Development LLC ACarreri@kgrlaw.com, dg@kgrlaw.com;lstella@kgrlaw.com |
| Anthony Thomas Carreri | on behalf of Defendant Matthews 350 E LaSalle LLC ACarreri@kgrlaw.com dg@kgrlaw.com;lstella@kgrlaw.com |
| Christopher C. Hagenow | on behalf of Interested Party KeyBank National Association chagenow@tbmattorneys.com tvonstamwitz@tbmattorneys.com |
| Christopher C. Hagenow | on behalf of Creditor KeyBank National Association chagenow@tbmattorneys.com tvonstamwitz@tbmattorneys.com |

| | |
|---|---|
| Jason T. Mizzell | on behalf of Debtor 1 Matthews 350 E LaSalle LLC jmizzell@kgrlaw.com kwhigham@kgrlaw.com;cresler@kgrlaw.com;kpeerman@kgrlaw.com |
| Jennifer Prokop | on behalf of U.S. Trustee United States Trustee jennifer.prokop@usdoj.gov jwprokop@yahoo.com |
| Katherine Everett Iskin | on behalf of Creditor Redevelopment Commission of the City of Soth Bend Indiana kiskin@maylorber.com, MayOberfellLorber@jubileebk.net |
| Katherine Everett Iskin | on behalf of Plaintiff Redevelopment Commission of the City of South Bend Indiana kiskin@maylorber.com, MayOberfellLorber@jubileebk.net |
| Marcellus Lebbin | on behalf of Defendant Matthews LLC lebbin@gmail.com |
| Marcellus Lebbin | on behalf of Defendant Matthews LLC lebbin@gmail.com |
| Marcellus Lebbin | on behalf of Debtor 1 Matthews 350 E LaSalle LLC lebbin@gmail.com |
| Marcellus Lebbin | on behalf of Defendant DMTM INC lebbin@gmail.com |
| Marcellus Lebbin | on behalf of Creditor DMTM Inc lebbin@gmail.com |
| Matthew Anderson | on behalf of Plaintiff Redevelopment Commission of the City of South Bend Indiana manderson@maylorber.com |
| Matthew Anderson | on behalf of Creditor Redevelopment Commission of the City of Soth Bend Indiana manderson@maylorber.com |
| Miranda Bernadac | on behalf of Interested Party KeyBank National Association mbernadac@tbmattorneys.com tvonstamwitz@tbmattorneys.com |
| Miranda Bernadac | on behalf of Creditor KeyBank National Association mbernadac@tbmattorneys.com tvonstamwitz@tbmattorneys.com |
| Raymond Daniel Faust | on behalf of Creditor FORUM Credit Union dan.faust@skofirm.com |
| Ryan Murphy | on behalf of Debtor 1 Commerce Center Development LLC ecfnotices@feiwellhannoy.com |
| United States Trustee | USTPRegion10.SO.ECF@usdoj.gov |
| Weston Erick Overturf | on behalf of Defendant Matthews 350 E LaSalle LLC woverturf@kgrlaw.com dg@kgrlaw.com;lstella@kgrlaw.com |
| Weston Erick Overturf | on behalf of Debtor 1 Matthews 350 E LaSalle LLC woverturf@kgrlaw.com dg@kgrlaw.com;lstella@kgrlaw.com |
| Weston Erick Overturf | on behalf of Defendant Commerce Center Development LLC woverturf@kgrlaw.com, dg@kgrlaw.com;lstella@kgrlaw.com |
| Weston Erick Overturf | on behalf of Debtor 1 Commerce Center Development LLC woverturf@kgrlaw.com, dg@kgrlaw.com;lstella@kgrlaw.com |

TOTAL: 26

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>Matthews 350 E LaSalle, LLC<br>*Debtor(s)*<br><br>Commerce Center Development, LLC<br>*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |

**FIFTH INTERIM ORDER**
**AUTHORIZING DEBTORS TO USE CASH COLLATERAL FOR OPERATING EXPENSES AND GRANTING REPLACEMENT LIENS TO SECURED CREDITORS**

This matter is before the Court on *Debtors' First Day Motion for Entry of Interim and Final Orders Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured Creditors* [Filing No. 7] (the "**Cash Use Motion**") filed by Matthews 350 E Lasalle LLC d/b/a 300 E. Lasalle d/b/a 300 East Lasalle and Commerce Center Development, LLC, as debtors and debtors-in-possession (each a "**Debtor**"; together, "**Debtors**").

The Court conducted a preliminary hearing on the Cash Use Motion on March 18, 2026, and entered a *First Interim Order Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured Creditors* [Filing No. 39] on March 19, 2026. The Court conducted a second hearing on the Cash Use Motion on May 6, 2026, and entered a *Second Interim Order Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured Creditors* [Filing No. 92] on May 7, 2026. The Court conducted a third hearing on the Cash Use Motion on June 3, 2026, and entered a *Third Interim Order Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured*

*Creditors* [Filing No. 114] on June 3, 2026. The Court conducted a fourth hearing on the Cash Use Motion on July 22, 2026, and entered a *Fourth Interim Order Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured Creditors* [Filing No. 140] on July 22, 2026.

The Court held a fifth hearing on the Cash Use Motion on August 26, 2026 (the "**Hearing**") at which Debtors and KeyBank National Association ("**KeyBank**") requested the Cash Use Motion be continued and interim cash use be extended.

The Court, having considered the Cash Use Motion, the matters presented at the Hearing, and the *Declaration of David Matthews in Support of Debtor's Chapter 11 Petitions and First Day Motions* (the "**Declaration**"), noting that no objections were filed, and being otherwise duly advised, finds that the relief requested in the Cash Use Motion should be, and hereby is, granted, on an interim basis.

Based on the foregoing, the Court makes the following findings of fact:

A. In order to permit, among other things, the continued, orderly operation of Debtors' businesses, Debtors have an immediate need to use Cash Collateral[1], which may be subject to liens asserted by Creditors.

B. Debtors have no present alternative borrowing source from which to secure sufficient additional funding to operate without utilizing Cash Collateral.

C. The use of Cash Collateral is necessary to prevent immediate and irreparable harm to Debtors, their property, and the property of the bankruptcy estate that would otherwise result if Debtors were prevented from obtaining such relief.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Cash Use Motion.

D. Without interim relief, Debtors will not be able to operate their businesses until a final hearing on the Cash Use Motion can be held.

E. Debtors' use of Cash Collateral, to the extent and on the terms and conditions set forth herein, is in the best interest of Debtors, their bankruptcy estates, and their creditors, including the Creditors, in that it allows Debtors to maintain their businesses and avoid serious and irreparable harm to their bankruptcy estates and creditors.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Use of Cash Collateral**. Debtors are authorized, on an interim basis, to use Cash Collateral to pay expenses consistent with the proposed budget attached hereto as **Exhibit 1** (the "**Budget**"), subject to the following terms and conditions:

   a. **Duration of Interim Order**. Unless an extension to this Interim Order is agreed to in writing by Creditors or the Court orders otherwise, this Interim Order terminates on September 30, 2026 at 11:59 p.m. (prevailing Eastern Time), unless otherwise terminated before then under the terms of this Interim Order.

2. **Adequate Protection**. To the extent a Creditor had an interest in Debtors' personal property, including without limitation Cash Collateral as of the Petition Date, such Creditor(s) are granted replacement liens in the Cash Collateral and the post-petition property of Debtors of the same nature and to the same extent and in the same priority held in the Cash Collateral on the Petition Date, retroactive to the Petition Date (the "**Adequate Protection Lien**"). Subject to the other provisions of this Order, the Adequate Protection Lien shall be valid and fully perfected without any further action and without the execution or recordation of any control agreements, financing statements, security agreements, or other documents.

3. **<u>Payment to KeyBank</u>**. In addition to a replacement lien, Debtors shall also make payments to KeyBank as set forth in the Budget.

4. **<u>Binding Effect of this Interim Order</u>**. The provisions of this Interim Order shall be binding upon and inure to the benefit of Debtors and their respective successors, assigns, and trustees (including any trustee hereinafter appointed for the bankruptcy estates of Debtors).

5. **<u>Effect of Modification, Termination, Vacation, or Stay of this Interim Order</u>**. If any or all provisions of this Interim Order are hereafter modified, terminated, vacated, or stayed by subsequent order of this Court or any other Court, such modification, termination, vacation, or stay shall not affect the validity, priority, or enforceability of the liens, stipulations, waivers by Debtors, priorities, or other adequate protection granted to Creditors by this Interim Order, or by any other orders allowing Debtors to use Cash Collateral, prior to the effective date of any such order modifying, terminating, vacating, or staying this Interim Order.

6. **<u>Service of Interim Order</u>**. Debtors shall serve a copy of this Interim Order by first class mail within one (1) business day from the date hereof, on the Office of the United States Trustee, the Creditors, and each of Debtors' 20 largest unsecured creditors.

7. **<u>Notice of Final Hearing</u>**. A final hearing on the Cash Use Motion and this Interim Order is scheduled for September 23 **, 2026, at** 10:30 a **.m.** **(prevailing Eastern Time)** in Room 202, 401 South Michigan Street, South Bend, Indiana 46601.

SO ORDERED.

Dated: August 31, 2026

Paul E. Singleton
Judge, Northern District of Indiana
Bankruptcy Court

# EXHIBIT 1

| 13 Week DIP Budget | Forcast FY 2026 WEEK 1 | Forcast FY 2026 WEEK 2 | Forcast FY 2026 WEEK 3 | Forcast FY 2026 WEEK 4 | Forcast FY 2026 WEEK 5 | Forcast FY 2026 WEEK 6 | Forcast FY 2026 WEEK 7 | Forcast FY 2026 WEEK 8 | Forcast FY 2026 WEEK 9 | Forcast FY 2026 WEEK 10 | Forcast FY 2026 WEEK 11 | Forcast FY 2026 WEEK 12 | Forcast FY 2026 WEEK 13 | Total Per Debtor's Forcast |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Ending | 8/29/2026 | 9/5/2026 | 9/12/2026 | 9/19/2026 | 9/26/2026 | 10/3/2026 | 10/10/2026 | 10/17/2026 | 10/24/2026 | 10/31/2026 | 11/7/2026 | 11/14/2026 | 11/21/2026 | |
| Beginning Cash | $ 265,000.00 | $ 231,750.00 | $ 38,500.00 | $ 18,250.00 | $ 243,000.00 | $ 232,750.00 | $ 204,500.00 | $ 29,250.00 | $ 254,000.00 | $ 241,250.00 | $ 231,000.00 | $ 202,750.00 | $ 262,500.00 | |
| Cash Receipts | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 240,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 250,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 250,000.00 | $ 5,000.00 | $ 790,000.00 |
| Beginning A/R | | | | | | | | | | | | | | |
| Less Ending A/R | | | | | | | | | | | | | | |
| **Total Sources of Cash** | $ 270,000.00 | $ 236,750.00 | $ 43,500.00 | $ 258,250.00 | $ 248,000.00 | $ 237,750.00 | $ 209,500.00 | $ 279,250.00 | $ 259,000.00 | $ 246,250.00 | $ 236,000.00 | $ 452,750.00 | $ 267,500.00 | |
| Operating Disbursements | | | | | | | | | | | | | | |
| Payroll (including taxes, benefits) to DMTM Inc | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (130,000.00) |
| Total Employee Related | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (10,000.00) | $ (130,000.00) |
| Service Contractors | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (1,500.00) | $ (19,500.00) |
| Insurance | | $ (8,000.00) | | | | $ (8,000.00) | | | | | $ (8,000.00) | | | |
| Utilities/Telephone | $ - | $ - | $ (10,000.00) | $ - | $ - | $ - | $ - | $ (10,000.00) | $ - | $ - | $ - | $ (10,000.00) | $ - | $ (30,000.00) |
| Total Occupancy | $ - | $ (8,000.00) | $ (10,000.00) | $ - | $ - | $ (8,000.00) | $ - | $ (10,000.00) | $ - | $ - | $ (8,000.00) | $ (10,000.00) | $ - | $ (54,000.00) |
| Sales Tax/Tax/Licenses | | | | | | | | | $ (2,500.00) | | | | | $ (2,500.00) |
| Merchandise & Catalog | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (3,750.00) | $ (48,750.00) |
| Total Freight, Postage, & Handling | | | | | | | | | | | | | | |
| **Total Operating Disbursements** | $ (15,250.00) | $ (23,250.00) | $ (25,250.00) | $ (15,250.00) | $ (15,250.00) | $ (23,250.00) | $ (15,250.00) | $ (25,250.00) | $ (17,750.00) | $ (15,250.00) | $ (23,250.00) | $ (25,250.00) | $ (15,250.00) | $ (254,750.00) |
| Non-Operating Disbursements | | | | | | | | | | | | | | |
| Debtor Professionals | | $ (10,000.00) | | | | $ (10,000.00) | | | | | $ (10,000.00) | | | $ (30,000.00) |
| UCC Professionals | | | | | | | | | | | | | | |
| Lender Professionals | | | | | | | | | | | | | | |
| UST | | | | | | | | | | | | | | |
| Total Bankruptcy Administrative Costs | $ - | $ (10,000.00) | $ - | $ - | $ - | $ (10,000.00) | $ - | $ - | $ - | $ - | $ (10,000.00) | $ - | $ - | $ (30,000.00) |
| Other/Miscellaneous | $ (23,000.00) | | | | | | | | | | | | | |
| Lender Fees | | | | | | | | | | | | | | |
| Loan Payment (KeyBank) | | $ (165,000.00) | | | | | $ (165,000.00) | | | | | $ (165,000.00) | | $ (495,000.00) |
| Lender Paydown | | | | | | | | | | | | | | $ - |
| **Total Non-Operating Disbursements** | $ (23,000.00) | $ (175,000.00) | $ - | $ - | $ - | $ (10,000.00) | $ (165,000.00) | $ - | $ - | $ - | $ (10,000.00) | $ (165,000.00) | $ - | $ (525,000.00) |
| **Total Uses of Cash** | $ (38,250.00) | $ (198,250.00) | $ (25,250.00) | $ (15,250.00) | $ (15,250.00) | $ (33,250.00) | $ (180,250.00) | $ (25,250.00) | $ (17,750.00) | $ (15,250.00) | $ (33,250.00) | $ (190,250.00) | $ (15,250.00) | $ (779,750.00) |
| **Net Cash Position** | $ 231,750.00 | $ 38,500.00 | $ 18,250.00 | $ 243,000.00 | $ 232,750.00 | $ 204,500.00 | $ 29,250.00 | $ 254,000.00 | $ 241,250.00 | $ 231,000.00 | $ 202,750.00 | $ 262,500.00 | $ 252,250.00 | |