UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| *IN RE:*<br>MATTHEWS 350 E LASALLE LLC,<br>*Debtor*.<br><br>COMMERCE CENTER DEVELOPMENT, LLC,<br>*Debtor*. | Case No.: 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |

**Order Fixing Time for Accepting or Rejecting a Proposed Plan, and Notice of Confirmation Hearing**

The debtors filed a proposed Chapter 11 Plan on July 28, 2026.

IT IS THEREFORE ORDERED AND NOTICE IS GIVEN THAT:

1. The Court will hold a hearing on **November 18, 2026, at 10:30 a.m.** eastern time to consider confirmation of the proposed Chapter 11 Plan and any modifications thereto. The confirmation hearing will be held in Room 202, Robert K. Rodibaugh United States Bankruptcy Courthouse, 401 South Michigan Street, South Bend, Indiana.

2. Any objections to confirmation of the proposed plan, or elections under 11 U.S.C. § 1111(b), must be filed with the court on or before **October 28, 2026**.

3. **October 28, 2026** is fixed as the last day for accepting or rejecting the proposed Chapter 11 Plan. Any entity entitled to accept or reject the plan may do so by delivering its ballot to counsel for the proponent at the address below:

**Kroger Gardis & Regas, LLP**
**Weston Erick Overturf**
**111 Monument Circle, Suite 900**
**Indianapolis, Indiana 46204**

on or before the date specified in this paragraph. The ballot shall indicate, either by designation or description, the class in which the entity is voting to accept or reject and the amount of its claim. Any entity entitled to cast a ballot in more than one class must submit a separate ballot for each class in which it desires to vote to accept or reject the proposed plan.

4. No later than fourteen (14) days prior to the confirmation hearing, the debtor shall prepare, file, and serve a verified report of the results of the balloting, as required by N.D. Ind. L.B.R. B-3018-1(b) & (c). The report shall also identify any material change from the plan's representations concerning the requirements for confirmation established by 11 U.S.C. § 1190(1) and § 1129(a) and shall indicate whether there are sufficient funds available with which to make any payments due upon the effective date of the plan. A similar report concerning any ballots received after the date fixed for accepting or rejecting the plan shall be made by the proponent at the confirmation hearing.

5. If all classes do not vote to accept the proposed plan and, pursuant to 11 U.S.C. §1191(b), the debtor intends to seek confirmation of the plan over the rejection of any such class, the debtor shall file and serve a motion to do so no later than fourteen (14) days before the confirmation hearing. This motion shall identify the class or classes which have rejected the plan as to which the proponent contends the requirements of 11 U.S.C. § 1191(b) are fulfilled and shall state how those requirements have been fulfilled as to each such class. The motion shall be served upon each entity that cast a ballot in any such rejecting class and upon the entities

entitled to be served with copies of the ballot report. *At the confirmation hearing, the court may determine that the proposed plan does not discriminate unfairly and is fair and equitable as to a rejecting class, based upon the information contained in the debtor's motion and without further proof, unless at least one rejecting member of such class appears at the confirmation hearing.*

6. No later than twenty-eight (28) days before the last day for filing objections to confirmation, the debtor shall transmit a copy of the proposed plan, and any modifications thereto, a form of ballot, and a copy of this order to all creditors, equity security holders and other parties in interest and make due proof thereof.

Dated: September 9, 2026

Paul E. Singleton

Paul E. Singleton, Judge
United States Bankruptcy Court