UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>Matthews 350 E LaSalle, LLC<br>*Debtor(s)*<br>Commerce Center Development, LLC<br>*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |

**MOTION TO APPROVE JOINT STIPULATION REGARDING THE AUTOMATIC STAY AS IT APPLIES TO THE REDEVELOPMENT COMMISSION OF THE CITY OF SOUTH BEND, INDIANA AND CASE 71D07-2301-PL-000020**

The Redevelopment Commission of the City of South Bend, Indiana ("Commission"), for its Motion to Approve Joint Stipulation, states as follows:

1. On August 27, 2026, this Court remanded Case 71D07-2301-PL-000020 to St. Joseph Superior Court. (Case 26-3011, D.E. 33).
2. The remand involves both debtor and non-debtor defendants.
3. The Commission and the Debtors have stipulated to allow the litigation to proceed without violating the automatic stay.
4. The specific terms stipulated are as follows:
   a. The automatic stay is lifted for the limited purpose of allowing the Commission to proceed with Case 71D07-2301-PL-000020, including any associated appeals, consolidations, transfers, or case reassignments.
   b. The Commission shall be limited to a determination of liability and a determination of damages in a dollar amount, if any, against Debtors.
   c. Any amount payable to the Redevelopment Commission shall be recoverable only from other non-Debtor co-defendants, if any, and not from Debtors directly.

5. By this Motion, the Commission seeks an order of this Court approving such Stipulation.

6. The Stipulation is attached herein as Exhibit A.

7. Various bankruptcy courts have emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *In re Martin*, 91 F. 3d 389, 393 (3d Cir. 1996) (citations omitted). Settlements are considered a "normal part of the process of reorganization" and a "desirable and wise method of bringing to a close proceedings otherwise lengthy, complicated and costly." *In re Jackson Brewing*, 624 F.2d 599, 602 (citations omitted) (decided under Bankruptcy Act) (5th Cir. 1980).

8. This Stipulation meets these goals, as well as furthering the implementation of the Order Granting Motion for Remand in 26-3011.

9. The proposed Stipulation will not affect the interests of other creditors and will avoid the need for additional costly litigation.

WHEREFORE, Movant respectfully requests that this Court grant the relief requested herein, that the Court approve the Stipulation as stated above, and grant such other and further relief to the each of the parties deemed just and proper by the Court.

*/s/Katherine Iskin*
Katherine Iskin, Atty. No. 33679-71
Matthew J. Anderson, Atty. No. 27511-71
May Oberfell Lorber LLP
4100 Edison Lakes Pkwy, Suite 100
Mishawaka, IN 46545
(574) 243-4100
kiskin@maylorber.com

*Counsel for Redevelopment Commission of the City of South Bend, Indiana*