UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of: | |
| Matthews 350 E LaSalle, LLC<br>*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11 |
| Commerce Center Development, LLC<br>*Debtor(s)* | (Jointly Administered) |

**FIRST INTERIM APPLICATION OF KROGER, GARDIS & REGAS, L.L.P. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO DEBTORS FOR SERVICES RENDERED FROM THE PETITION DATE THROUGH September 30, 2026**

Kroger, Gardis & Regas, L.L.P. ("**Applicant**"), as counsel to Matthews 350 E LaSalle, LLC and Commerce Center Development, LLC (together, "**Debtors**"), for Applicant's *First Interim Application of Kroger, Gardis & Regas, L.L.P. for Allowance and Payment of Compensation and Reimbursement of Expenses as Counsel to Debtors for Services Rendered from Petition Date through September 30, 2026* (the "**Application**"), states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. The resolution of this Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The Court has authority to grant the relief requested in this Application pursuant to 11 U.S.C. §§ 327, 330, and 331.

## FACTUAL BACKGROUND

4. On March 10, 2026 (the "**Petition Date**"), Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. On March 10, 2026, Debtors, by counsel, filed their *Motion for Joint Administration* (the "**Joint Administration Motion**") [Filing No. 5].

6. On March 19, 2026, the Court entered an order granting the Joint Administration Motion [Filing No. 38], which consolidated the cases of the affiliated debtors under the above captioned case.

7. Debtors are authorized to continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On March 10, 2026, Debtors, by counsel, also filed their *Application to Employ Kroger, Gardis & Regas, L.L.P. as Debtors' Counsel as of the Petition Date* (the "**Employment Application**") [Filing No. 14].

9. On April 15, 2026, the Court entered an order granting the Employment Application [Filing No. 63].

## REQUEST FOR COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES

10. By this Application, Applicant seeks interim allowance and payment of its attorney fees and expenses incurred from the Petition Date through September 30, 2026 (the "**Compensation Period**") for representation and services provided to Debtors.

11. Applicant has not received any compensation in this case or

reimbursement of expenses for its role as counsel for the Debtors. Applicant holds $1,241.37 in its Trust account.

## Summary of Services Provided

12. Pursuant to the Employment Order, Applicant has provided a variety of necessary services to the Debtors during the Compensation Period, including the following summary:

a. Preparation of filings and applications and conducting examination necessary to the administration of this matter;

b. Advice regarding Debtor's rights, duties, and obligations as debtor-in-possession;

c. Performance of legal services associated with and necessary to the operations of the business, including, but not limited to, institution and prosecution of necessary legal proceedings, loan restructuring, and general business and corporate legal advice and assistance, all of which are necessary to the proper preservation and administration of the estate;

d. Negotiation, preparation, confirmation, and consummation of a plan of restructuring; and

e. Taking any and all other necessary action incident to the proper preservation and administration of the estate in the conduct of Debtor's business.

13. The above descriptions serve as a general overview of the services provided by Applicant. A complete description of all services performed is detailed on the attached statements as **Exhibit A** (the "**Invoices**").

14. Every entry itemized on the Invoices includes a category identifying the project category, a description of the activity performed, and the number of hours (in increments of one-tenth of an hour) spent on the activity. Below is a list of the aggregate recorded hours, blended rate and fees incurred for each category:

| Project Category | Amount Billed |
|---|---|
| Case Administration | $35,028.00 |
| Asset Disposition | $158.00 |
| Assumption and Rejection of Leases & Contracts | $8,870.00 |
| Meeting of Creditors | $4,781.00 |
| Fee and Employment Apps | $534.00 |
| Financing & Cash Use | $9,681.50 |
| Business Operations | $2,207.50 |
| Claims Administration and Objections | $1,794.00 |
| Relief from Stay | $594.00 |
| Plan and Disclosure Statement | $15,761.00 |
| Other Contested Matters | $33,838.00 |
| Adversary Proceeding | $16,558.24 |
| **Total:** | **$129,805.24** |

15. Applicant requests an order allowing compensation in the amount of $129,805.24 for attorney fees incurred during the Compensation Period and reimbursement in the amount of $4,859.22 for actual and necessary out-of-pocket expenses incurred during the Compensation Period. All of the services performed by Applicant are set forth on the Invoices and have been billed at the hourly rates established by Applicant in the Employment Application.

16. Pursuant to Section 330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure, Applicant is entitled to allowance of fees set forth in this Application. Applicant's services are properly compensable, were actual and necessary services and expenses of administration of the estate and have helped the Debtors fulfill their duties under the Bankruptcy Code.

17. In this case, Applicant submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value of the estate, and in the best interest of the estate and its creditors. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, creditors, and all parties in interest.

18. All services rendered on behalf of the Debtors and all expenses incurred for which compensation or reimbursement is sought have been rendered or incurred exclusively on behalf of the Debtors and represent necessary and proper legal assistance in the administration of this chapter 11 case.

19. No agreement or understanding exists between the Applicant and any other person or entity for the sharing of compensation received for its services rendered in connection with this case.

20. No prior applications for compensation for fees or expenses have been filed by Applicant.

**WHEREFORE,** Applicant respectfully requests that the Court enter an Order:

(a) Allowing interim compensation to the Applicant in the sum of $129,805.24 representing compensation for actual and necessary legal services rendered during the Compensation Period (the "**Fees**");

(b) Allowing the Applicant the sum of $4,859.22 for actual and necessary out-of-pocket expenses incurred during the Compensation Period as a result of its representation of the Debtors (the "**Expenses**");

(c) That such allowance be without prejudice to the Applicant's right to seek

additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application;

(d) Directing the Debtors to pay the Applicant the Fees and Expenses; and

(e) Granting all other relief deemed just and proper in the premises.

Respectfully Submitted,

/s/ Weston E. Overturf
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317) 777-7443
wes@kgrlaw.com

*Attorneys for Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Miranda Bernadac** mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri** ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow** chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin** kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin** lebbin@gmail.com
- **Ryan Murphy** iumurphy19@gmail.com
- **Weston Erick Overturf** woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Jennifer Prokop** jennifer.prokop@usdoj.gov, jwprokop@yahoo.com
- **United States Trustee** USTPRegion10.SO.ECF@usdoj.gov

I further certify that on the 9th day of October 2026, a copy of the foregoing was mailed by first-class United States mail, postage prepaid, and properly addressed to the following:

Mailing Matrix attached as **Exhibit B**

*/s/ Weston E. Overturf*
Weston E. Overturf