UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>Matthews 350 E LaSalle, LLC<br>*Debtor(s)*<br>Commerce Center Development, LLC<br>*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |

**CREDITOR'S OBJECTION TO DEBTORS' PLAN OF REORGANIZATION**

The Redevelopment Commission of the City of South Bend (the "Commission"), Creditor, presents this objection to the Debtors' Combined Plan of Reorganization dated July 28, 2026 (the "Plan").

The Plan does not warrant confirmation. The Plan does not meet the evidentiary burden required to demonstrate that the Plan meets the requirements for confirmation under 11 U.S.C. § 1129(a). Specifically, the Debtors fail to provide evidence or analysis that demonstrates that the Plan satisfies the best interests of creditors test under §1129(a)(7) and that the Plan is feasible under § 1129(a)(11). Further, the Plan is prejudicial to the Commission's Claim in that it treats the Claim differently than all other claims within its class without the consent of the Commission. For these reasons and those detailed below, the Court must deny confirmation.

## I. RELEVANT BACKGROUND AND THE COMMISSION'S STANDING TO VOTE

The Commission and the Debtors have been engaged in litigation for several years prior to the Debtors filing for Bankruptcy. This history has been detailed at length in several pleadings in this case and the related adversary proceeding.

The Commission filed Proofs of Claim against CCD and Matthews 350, Claim No. 3 and Claim No. 5, respectively (these claims are referred herein as the "Claim") for an unsecured amount of $10,879,877.00. Each Debtor filed an Objection to the Commission's Claim against it on July 3, 2026. The Commission, in turn, filed Responses to each of the Debtors' Objections on August 3, 2026. Since that time, the Objections to the Claim have not been resolved.

Under the 11 U.S.C § 1126(a), only the holders of claims allowed under 11 U.S.C. § 502 can vote to accept or reject a plan of reorganization. A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Once an objection to a claim is made, a claim can only be allowed by order of the Court. 11 U.S.C. § 502(b). Until resolved, the Debtors' Objections to the Claim arguably strip the Commission of its voting rights until the Objections can be resolved by the Court.

To protect its voting rights with respect to the Plan, the Commission has filed, contemporaneously with this objection, a motion under F.R.B.P. 3018(a) seeking temporary allowance of its claims for the sole purpose of voting on the Debtors' Plan. The

Commission, by its motion for temporary allowance, has standing to object to and vote to accept or reject the Plan.

## II. Reservation of Rights

The Commission reserves the right to supplement or amend this objection in response to any amendments to the Plan or any other related documents; the discovery of additional evidence related to the Debtors, their financial condition, or their assets; the objections, briefs, or evidence related to the Debtors or the Plan submitted by other parties; and any issues raised at the Confirmation Hearing.

## III. Confirmation Standards and Burden of Proof

A plan for reorganization under Chapter 11 of the Bankruptcy Code (the "Code") must meet each of the requirements of § 1129(a) of the Code. *See In re 203 N. LaSalle St. Pshp.*, 126 F.3d 955, 960 (7th Cir 1997), *rev'd on other grounds*. The plan proponent bears the burden of establishing by a preponderance of the evidence that the plan meets each requirement § 1129(a). *In re Sentinel Mgmt. Group*, 398 B.R. 281, 292 (Bankr. N.D. Ill. 2008). Accordingly, the Debtors, as the plan proponents, bear the burden of showing by a preponderance of the evidence that the Plan meets each of the requirements of § 1129(a) needed for confirmation.

## IV. ARGUMENT

The Plan does not warrant Confirmation. Specifically, the Debtors provide no evidence in the Plan or via any attachments to the Plan that supports the notion that the Plan meets the best interests of creditors test under § 1129(a)(7) or that the Plan is feasible under § 1129(a)(11). Additionally, the Plan does not afford identical treatment to the Commission's Claim in relation to the other claims in its class. Further, confirmation under 1129(b) is not applicable in this instance because the Plan does not meet the other requirements of 1129(a) beyond 1129(a)(8). For these reasons and those articulated below, confirmation of the Plan should be denied.

### a. The Debtors provide insufficient evidence that the Plan satisfies the best interests of the creditors test under 11 U.S.C. § 1129(a)(7).

The Court should deny confirmation of the Plan because the Debtors fail to provide sufficient evidence to satisfy the best interest of the creditors test under 1129(a)(7). Debtors do not properly substantiate the valuation of their assets included in the attached liquidation analysis (Attachment B to the Plan, referred to herein as the "Liquidation Analysis") and fail to account for all assets or interests that could garner value through a Chapter 7 liquidation or provide any explanation as to why such assets and interests are excluded from the Liquidation Analysis.

Under § 1129(a)(7), a plan can only be confirmed if the plan provides that holders of impaired claims will receive at least as much value under the plan as they would under

a hypothetical Chapter 7 liquidation. A plan proponent's methodology and resulting valuation are suspect when no independent appraisals or other extrinsic evidence is provided to support the valuation. *In re Multiut Corp.*, 449 B.R. 323, 345-46 (N.D. Ill Bankr. 2011).

Here, just as in *In re Multiut Corp.*, the Debtors' attached Liquidation Analysis essentially reports the Debtors' assets and secured claims as scheduled. Debtors do not demonstrate that holders of impaired claims would indeed receive more value under the Plan than they would in a Chapter 7 liquidation. Nor do the Debtors include a description or analysis of the assets included on the Liquidation Analysis, how the values of those assets were determined, or which Debtor owns which asset. Taken as a whole, the Debtors' Liquidation Analysis is insufficient to meet the burden of proof necessary to show that the Plan meets the requirements of § 1129(a)(9).

First, the asset values listed on the Liquidation Analysis are unsubstantiated. Reviewing the schedules for both Debtors, as of the date of filing, the real property including the mid-rise building, office building, and parking lot, are all owned by CCD. The values for these properties on the Liquidation Analysis match the values initially scheduled which may have come from appraisals performed in August 2025, as noted on the schedules. They further do not confirm whether the values included on the Liquidation Analysis are indeed from appraisals performed in 2025 appraisals, who performed the appraisals, what methodology was used, or if the appraised values still

accurately reflect the value of the property in a hypothetical liquidation at the time of filing. Additionally, the Debtors do not clearly include a value for the parking lot or state where this is included in such analysis.

Next, the Debtors neglect to include certain assets or interests that would have value in a hypothetical liquidation. The Debtors do not list or value either of the leases, specifically the ground lease between the Debtors and the lease between CCD and Commerce Center Office Building, LLC. Presumably, in the context of liquidation, both leases have some value or the Debtors would not seek assumption of same.

Finally, the Debtors fail to account for any value that may be attributed to either entity as a "going concern." This may be relevant for Matthews 350 which operates the residential rental component of the mid-rise building owned by CCD. All together, Debtors do not meet the requirements of § 1129(a)(7) and fail to show by a preponderance of the evidence that impaired claims will receive more value under the Plan than through Chapter 7 liquidation.

**b. The Debtors provide insufficient evidence that the Plan is feasible under 11 U.S.C. § 1129(a)(11).**

A proposed plan for reorganization is deemed to be "feasible" if the plan proponents demonstrate that confirmation of the plan is not likely to be followed by liquidation or the need for further reorganization. 11 U.S.C. § 1129(a)(11). Specifically, the plan proponent must offer concrete evidence of sufficient cash flow to fund and maintain

both its operations and its obligations under the plan. *Coones v. Mut Life Ins. Co. of N.Y.*, 168 B.R. 247, 255 (D. Wyo. 1994).

The Debtors provide a very simple feasibility analysis in the Plan which does not include any concrete reasons why it might be feasible but only state the general rule, but feasibility under § 1129(a)(11) requires evidence. As support for feasibility of the Plan, the Debtors attach projected financial information for 2026 to 2029 (Attachment A). The projections are unsubstantiated and lack evidence that the projections track with or exceed historical performance, what methodology was used to generate the projections, or any other information that would serve to provide some level of legitimacy to the projections.

Examining the projections in more detail, certain critical values that could determine the feasibility of the Plan are based on unsubstantiated assumptions. Again, the Debtors are not required to predict the future, but they are required to provide evidence that the Plan itself is commercially viable. For example, the projections indicate economic loss due to commercial vacancy decreasing from 97% in 2026 to 79% from 2027 to 2029, a change which is unsubstantiated but has an arguably significant impact on the Debtors' projected income.

Considering this, while it is possible that the projections the Debtors include may be conservative, reasonable, and support the feasibility of Plan, the Debtors provide no evidence to support this, which is not sufficient to meet the evidentiary standard required

by § 1129(a)(11) for confirmation. As such, the plan fails to meet the feasibility test for lack of evidence to support the conclusion that the Plan is commercially viable.

**c. The Plan treats the Commission's Claim prejudicially by not affording it the same treatment as other claims in its class.**

The Plan cannot be confirmed as proposed due to the prejudicial treatment of the Commission's claim as compared to the other claims in its class. Under 11 U.S.C. § 1123(a)(4), each claim within a particular class must receive the same treatment unless a holder agrees to less favorable treatment of its particular claim.

Throughout the Plan, the Debtors explicitly state that due to the Debtors' pending objections to the Commission's Claims, the Commission cannot vote on the Plan and will exclude the Claim from treatment. The Commission, of course, has not consented to this treatment. Further, the Debtors' exclusion of the Commission's claim from treatment under the Plan entirely poses challenges to other unsecured creditors. Ostensibly, if the Commission's Claim is allowed, the value received by the holders of other unsecured claims would change significantly. The result of this is that the Plan violates the requirements of § 1123(a)(4) by not affording all the claims in Class 7 with the same treatment. Accordingly, the court should deny confirmation of the Plan.

## V. Relief Requested

The Commission requests that the Court deny confirmation of the Plan due to its deficiencies, specifically the Debtors' failure to meet the evidentiary burden required of a plan proponent for confirmation.

WHEREFORE Creditor, the Redevelopment Commission of South Bend, Indiana respectfully requests that the Court deny confirmation of the Debtors' Chapter 11 Plan dated July 28, 2026, or require the Debtors to cure the identified defects prior to confirmation, together with such other relief as the Court deems just and proper.

Dated: October 28, 2026

Respectfully Submitted,

*/s/ Katherine E. Iskin*
Katherine E. Iskin (33679-71)
Matthew J. Anderson (27511-71)
**May Oberfell Lorber LLP**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: 574-243-4100
Email: kiskin@maylorber.com
manderson@maylorber.com

CERTIFICATE OF SERVICE

I certify that on October 28, 2026, a copy of the foregoing was filed electronically with the Clerk using the CM/ECF System, which sent notification of such filing to all counsel of record.

*/s/ Katherine E. Iskin*
Katherin E. Iskin (33679-71)