UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>Matthews 350 E LaSalle, LLC<br>*Debtor(s)*<br>Commerce Center Development, LLC<br>*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |

**MOTION TO TEMPORARILY ALLOW CLAIM FOR VOTING ON DEBTORS' PLAN**

Creditor, the Redevelopment Commission of the City of South Bend (the "Commission"), by counsel, respectfully moves this Court for entry of an Order temporarily allowing the Commission's proofs of claim under F.R.B.P. 3018(a) for the sole purpose of voting on Debtors' Plan for Reorganization, and in support states as follows:

1. Commission filed Proofs of Claim against Debtor Commerce Center Development, LLC ("CCD") and Debtor Matthews 350 E LaSalle, LLC ("Matthews 350"), Claim No. 3 and Claim No. 5, respectively (collectively, the "Claims") for an unsecured amount of $10,879,877.00.

2. Each Debtor filed an Objection to the Commission's Claim against its estate on July 3, 2026.

3. The Commission, in turn, filed Responses to each of the Debtors' Objections on August 3, 2026.

4. Since that time, the Objections to the Claims have not been resolved, although they are likely topics of mediation.

5. Under the 11 U.S.C § 1126(a), only the holders of claims allowed under 11 U.S.C. § 502 can vote to accept or reject a plan for reorganization.

6. A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Once an objection to a claim is made, a claim can only be allowed by order of the Court. 11 U.S.C. § 502(b).

7. An objection to a proof of claim, therefore, has the effect of stripping the claimant of its voting rights until the objection to the claim can be resolved by the Court.

8. F.R.B.P. 3018(a) provides that a court may temporarily allow a claim that has been objected to, in an amount deemed appropriate by the court for the sole purpose of the claimant voting to accept or reject the plan.

9. Temporary allowance under F.R.B.P. 3018(a) is appropriate when an objection to a proof of claim cannot be resolved prior to voting on and the confirmation of a plan and when the objection to a proof of claim is frivolous or of questionable merit. *Armstrong v. Rushton (In re Armstrong)*, 292 B.R. 678, 681 (B.A.P. 10th Cir. 2003).

10. Temporary allowance is warranted here because the Commission has colorable claims that are capable of evaluation, the Objections to the Commission's claims

will not be resolved prior to the voting deadline, and the Debtors' objections to the Commission's claims are of questionable merit, as the underlying litigation would have been resolved sooner, if the analysis were as simple as represented by Debtors.

11. These circumstances demonstrate that temporary allowance under F.R.B.P 3018(a) is necessary to preserve the Commission's right to vote to accept or reject the Debtors' plan.

WHEREFORE Creditor, the Redevelopment Commission of the City of South Bend respectfully requests that the Court enter an Order temporarily allowing the Commission's claims (Claims no. 3 and no. 5) against the Debtors in their face value amount of $10,879,877 for the sole purpose of voting to accept or reject the Debtors' Plan for Reorganization and granting all other just and proper relief.

Dated: October 28, 2026

Respectfully Submitted,

*_/s/ Katherine E. Iskin_*
Katherine E. Iskin (33679-71)
Matthew J. Anderson (27511-71)
**MAY OBERFELL LORBER LLP**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: 574-243-4100
Email: kiskin@maylorber.com
manderson@maylorber.com

CERTIFICATE OF SERVICE

I certify that on October 28, 2026, a copy of the foregoing was filed electronically with the Clerk using the CM/ECF System, which sent notification of such filing to all counsel of record.

/s/ *Katherine E. Iskin*
Katherin E. Iskin (33679-71)