**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA (SOUTH BEND)**

| | | |
|---|---|---|
| In re: | ) | |
| MATTHEWS 350 E LASALLE LLC, et al. | ) | CASE NO. 26-30288-pes |
| Debtor. | ) | (Jointly Administered) |
| COMMERCE CENTERED DEVELOPMENT LLC, | ) | |
| Debtor. | ) | |

**OBJECTION TO DEBTORS' COMBINED CHAPTER 11 PLAN OF REORGANIZATION**

300 E. LaSalle Ave Note LLC ("300 E. LaSalle"), by counsel, hereby files this objection and reservation of rights (the "Objection") with respect to confirmation of the *Combined Chapter 11 Plan of Reorganization* [Docket No. 144] (the "Proposed Plan") filed by the Debtors: Matthews 350 E LaSalle LLC d/b/a 300 E LaSalle d/b/a 300 East LaSalle ("Matthews 350") and Commerce Center Development, LLC ("CCD", and together with Matthews 350, the "Debtors"). In support of this Objection, 300 E. LaSalle respectfully states as follows:

## I. BACKGROUND

1. 300 E. LaSalle is a creditor in these bankruptcy cases as a result of 300 E. LaSalle having purchased all of the rights, title and interest of KeyBank National Association ("KeyBank") related to the loan made by KeyBank to each of the Debtors (the "Loan") as of September 30, 2026. Repayment of the Loan is personally guaranteed by David Matthews, the principal of both of the Debtors ("David Matthews").

2. 300 E. LaSalle filed its Transfer of Claim of the debt owed by Matthews 350 [Docket No. 204] on or about October 2, 2026, and the Transfer of Claim relative to the debt owed by CCD [Docket No. 20 ] on October 5, 2026.

3. KeyBank had previously filed its Proof of Claim in the Matthews 350 matter (Claim No. 4), in the amount of $30,132,468.79 and its Proof of Claim in the CCD matter (Claim No. 4), in the amount of $30,132,468.79. Accordingly, references in the Proposed Plan to KeyBank should now be read to refer to 300 E. LaSalle.

## II. OBJECTIONS

4. The Proposed Plan purports to be a "combined plan of reorganization." However, it is indisputable that the Debtors are separate and distinct entities, each of whom has filed bankruptcy. While the bankruptcy cases are being jointly administered, the two separate bankruptcy cases have not been substantively consolidated.

5. The Proposed Plan identifies nine classes, six of which the Proposed Plan claims are entitled to vote upon the Proposed Plan. Two of those classes have been designated as "Barry S. Shein and Cari Groman Shein" (collectively the "Sheins") and (b) the Barry Shein Revocable Trust ("Shein Trust").

6. The proofs of claim filed by the Sheins and the Shein Trust were filed in the CCD bankruptcy case only. (See Claims 1 and 2). The terms of the Proposed Plan concede that the Sheins and Shein Trust claims were filed in the CCD bankruptcy case *only*. The reason the Sheins did not file a Proof of Claim in the Matthews 350 bankruptcy case is that neither the Sheins nor the Shein Trust are creditors of Matthews 350. Instead, the money owed to the Sheins and the Shein Trust is owed by CCD and a number of non-Debtors, including without limitation, David Matthews and various other entities controlled by David Matthews. The evidence and records submitted and filed in these bankruptcy cases are void of any documentation evidencing that there is any debt owed by Matthews 350 to either the Sheins or the Shein Trust.

7. In addition, it appears that the Sheins and the Shein Trust are not actually impaired and therefore would not be entitled to vote on a plan of either Matthews 350 or CCD.

The Proposed Plan provides that the Sheins shall have an allowed secured claim of $838,268.49, based upon the $800,000.00 loan made by the Sheins to David Matthews and various entities he controls on or about June 8, 2021. That loan matured on June 8, 2024. CCD signed a guaranty of that David Matthews loan obligation on August 23, 2024 (two months after maturity)(the "CCD Guaranty"), and that guaranty is secured by a mortgage granted to the Sheins by CCD on that same date (the "Shein Mortgage").[1]

8. The Proposed Plan further provides that, with respect to the $800,000.00 loan made by the Sheins in 2021:

> The Sheins Past Due Payments and all payments coming due prior to the Effective Date of this Plan shall be due as a final ballon payment at the maturity date of the Secured Promissory Note.

According to the terms of the Secured Promissory Note submitted in support of the Sheins' Proof of Claim, which Secured Promissory Note matured on June 8, 2024. Accordingly, upon Plan confirmation, CCD would owe a payment to the Sheins of $838,268.49.

9. The Shein Trust made a loan in the principal amount of $300,000 to non-debtor David Matthews (the principal of both of the Debtors) on or about March 30, 2022. That loan is evidenced by a "Demand Promissory Note" and also is secured by Shein Mortgage and is personally guaranteed by CCD pursuant to the CCD Guaranty.

10. Again, Matthews 350 is not obligated in any way to repayment of either of the loans made by the Sheins or the Shein Trust.

[1] 300 E. Lasalle notes that the Shein Mortgage was granted by CCD to the Sheins and the Shein Trust for the benefit of David Matthews, who was one of several borrowers on the $800,000 loan made by the Sheins in 2021 (which had matured at the time of the granting of the mortgage) and was the sole borrower on the $300,000 demand loan made by the Shein Trust in 2022. It appears there was no consideration provided to CCD in exchange for the CCD Guaranty or the Shein Mortgage. David Matthews is an insider of CCD, and these transfers by CCD were made within two (2) years of the Petition Date. Therefore, the Shein Mortgage and CCD Guaranty are potentially subject to avoidance pursuant to 11 USC § 548. Without the Shein Mortgage, the Sheins and the Shein Trust would be, at most, unsecured creditors in the CCD Bankruptcy Case, and of course are not creditors in the Matthews 350 bankruptcy case, and therefore would not be entitled to vote as a separate class or classes on any proposed plan of reorganization.

11. The Monthly Operating Agreements filed in this case demonstrate that CCD has no operating income, and very little cash. According to the Monthly Operating Reports for the reporting period ending September 30, 2026, CCD showed $6,047 in cash, and no business activity during the month of September. This is consistent with prior reports filed by CCD. In contrast, Matthews 350 showed total receipts of $245,709 in the month of September 2026, total disbursements of $258,977 and a cash balance of $42,358. It cannot be disputed that all of the business activities of the Debtors flow through Matthews 350 and not CCD.

12. In contrast to the Sheins and the Shein Trust, 300 E. LaSalle is the senior secured creditor of *both* Debtors. Specifically, 300 E. LaSalle holds the senior mortgage attaching to the Real Estate (as defined in the Proposed Plan) and holds the senior perfected security interest against all of the assets of both Matthews 350 and of CCD. As a result, first KeyBank and now 300 E. LaSalle have been receiving adequate protection payments throughout the pendency of these cases.

13. The Proposed Plan calls for payments to be made to the Sheins and the Shein Trust using property of Matthews 350, of which the Sheins and the Shein Trust are not creditors. Furthermore, because the Sheins and the Shein Trust are not creditors of Matthews 350, they should not be entitled to vote on any Plan that purports to reorganize the debts of Matthews 350 and provide what right the other creditors of Matthews 350 may have relative to Matthews 350 and its assets.

14. 300 E. LaSalle further notes that the KeyBank loan matured on April 9, 2025, nearly 1 year before the filing of these bankruptcy cases. Prior to the Petition Date, each of the Debtors and Matthews entered into an agreed judgment in favor of KeyBank in the lawsuit filed by KeyBank in the St. Joseph County Superior Court, Cause No. 71D01-2504-MF-131 (the "Matthews Agreed Judgment.") The Matthews Agreed Judgment has now been assigned to 300 E. Lasalle. The Proposed Plan proposes to pay amounts owed pursuant to the KeyBank Loan

Documents over a period of three (3) years from the effective date of the Plan, at an interest rate that is well below the market rate for this type of commercial loan. The Proposed Plan also proposes that if the Plan is confirmed, all collection efforts against David Matthews shall be stayed and, as a result, 300 E. LaSalle would not be allowed to take any actions as to David Matthews to collect the indebtedness owed to 300 E. LaSalle, including enforcement of the Agreed Judgment. The same stay against Mr. Matthews, who is actually a borrower of the Sheins and the Shein Trust, is not being proposed as part of the Proposed Plan. Such disparate treatment of 300 E. Lasalle, the holder of a judgment to which David Matthews agreed to personally and on behalf of each of the Debtors, versus how the Sheins' (potentially unsecured) claims are proposed to be paid is inconsistent, unfair to 300 E. Lasalle, and inequitable.

15. 300 E. Lasalle has had discussions with the Debtors concerning the Proposed Plan and has indicated a willingness to agree to *a* plan, but not to the terms set forth in the Proposed Plan. Because the Debtors have yet to agree to the terms proposed by 300 E. Lasalle, 300 E. Lasalle has cast its ballot rejecting the Proposed Plan.

16. The Proposed Plan should not be confirmed because it fails to comply with § 1129 of the United States Bankruptcy Code. Specifically, and without limitation:

(a) in its efforts to seek confirmation of the Proposed Plan, both Debtors have given the Sheins and the Shein Trust an opportunity to vote on the Proposed Plan, which Plan can only be funded through the operating income of Matthews 350, of which the Sheins and the Shein Trust are not creditors.

(b) The Sheins and the Shein Trust should only be allowed to vote on any Plan that deals solely with the assets of CCD, the only Debtor of which the Sheins and the Shein Trust are creditors.

(c) The dramatically different treatment of the claims of the Sheins and the Shein Trust versus the claims 300 E. LaSalle is not fair and equitable, and the Proposed Plan further discriminates unfairly against 300 E. LaSalle. Without limitation, the treatment of 300 E. Lasalle is not fair or equitable and unfairly discriminates against 300 E. Lasalle by allowing payments to be made by Matthews 350 to the Sheins or the Shein Trust, neither of whom are creditors of Matthews 350; staying all collection activities by 300 E. Lasalle against David Matthews, a non-Debtor; calling for an immediate payment to the Sheins of $838,268.49 (with the collateral of 300 E. Lasalle) and allowing the Shein Trust to retain a "Demand Promissory Note", while at the same time requiring 300 E. Lasalle to wait three (3) years while Matthews 350 attempts to either find new financing or sell the Real Estate, which Matthews has been unable to accomplish in the years leading up to the bankruptcy filings.

(d) The Sheins and the Shein Trust should not be entitled to vote on any Plan concerning the assets and liabilities of Matthews 350 because the Sheins and the Shein Trust are not creditors of Matthews 350 and the bankruptcy cases have not been substantively consolidated.

(e) In addition, 300 E. LaSalle objects to the use of any of the assets of Matthews 350 for payments to the Sheins and Shein Trust. (*See*, 11 U.S.C. § 363(E)).

(g) The Proposed Plan is not feasible (*See*, 11 U.S.C. § 1129(a)(11)).

(h) The Proposed Plan provides for payments to 300 E. Lasalle at an interest rate that matches the current 10-year Treasury Note rate (i.e. 5% per annum), which is well below a market rate for this type of loan exposure.

(i) Given the ongoing litigation between the Debtors and the Redevelopment Commission of the City of South Bend ("Redevelopment Commission"), which was recently remanded to the state court, it is not reasonable to believe that the Debtors can secure new financing sufficient to repay the Loan as set forth in the Plan. Specifically, Debtors have indicated that the newly-joined defendants in that case will be seeking changes of venue and change of judge and starting to initiate their own discovery, all of which will continue to prolong that litigation and make securing refinancing by the Debtors not commercially reasonable or feasible.

## III. RESERVATION OF RIGHTS

As has been previously represented to the Court, the Redevelopment Commission and the Debtors have been engaged in settlement discussions and have even had recent discussions with the Honorable James Carr of the Southern District of Indiana concerning a possible resolution of the issues between the Debtors and the Redevelopment Commission. To date, 300 E. LaSalle has not been asked to participate in those discussions, but it is 300 E. LaSalle's understanding that, as the senior secured lender of both Debtors, 300 E. LaSalle may be invited to participate in a mediation in the near future. 300 E. LaSalle welcomes the opportunity to participate in such discussions, but given the current status of the deadlines as well as the confirmation hearing set for November 18, 2026, 300 E. LaSalle is compelled to file this Objection to confirmation of the Proposed Plan.

Counsel for 300 E. Lasalle has been in communication with counsel for the Debtors concerning this Objection, and each counsel remains hopeful that a compromise can be reached. Furthermore, given the current procedural posture of these cases, including the uncertainty concerning the claims filed by the Redevelopment Commission, there may be further developments that warrant additional briefing by the Parties related to the Proposed Plan.

Accordingly, 300 E. LaSalle reserves the right to supplement this Objection to the Proposed Plan, including by providing additional legal authority, evidence and testimony at the Confirmation Hearing.

**WHEREFORE,** 300 E. LaSalle Ave Note LLC respectfully requests that:

1. That the Court sustain this objection;

2. That the Court deny confirmation of the Proposed Plan; and

3. That the Court grant such further relief as is just and proper.

Respectfully submitted,

TUOHY BAILEY & MOORE LLP

By: *<u>/s/ Christopher C. Hagenow</u>*
Christopher C. Hagenow
Miranda Weiss Bernadac
Attorney No. 16730-49
Tuohy Bailey & Moore LLP
9294 N Meridian
Indianapolis, Indiana 46260
(317) 638-2400
chagenow@tbmattorneys.com
*Counsel for Creditor, 300 E. LaSalle Ave Note LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically this 28th day of October 2026. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system. I hereby further certify that I caused a copy of the foregoing to be served via U.S. Mail, First Class, postage prepaid upon the parties that are not registered to receive notice by operation of the Court's electronic filing system at their respective addresses listed on the electronic filing receipt. Parties may access this filing through the Court's electronic filing systems.

*/s/ Christopher C. Hagenow*
Christopher C. Hagenow