UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of: | |
| Matthews 350 E LaSalle, LLC<br>Debtor(s) | Case No. 26-30288-pes<br>Chapter 11 |
| Commerce Center Development, LLC<br>Debtor(s) | (Jointly Administered) |

**DEBTORS' OBJECTION TO REDEVELOPMENT COMMISSION'S MOTION TO TEMPORARILY ALLOW CLAIMS FOR VOTING**

Matthews 350 E LaSalle, LLC ("**Matthews 350**") and Commerce Center Development, LLC ("**CCD**", together with Matthews 350, the "**Debtors**"), by counsel, for their objection to the Redevelopment Commission of the City of South Bend's (the "**Redevelopment Commission**") *Motion to Temporarily Allow Claim for Voting on Debtors' Plan* [Filing No. 219] (the "**Motion**"), state as follows:

**Introduction**

In the Motion, the Redevelopment Commission requests the Court to temporarily allow the Redevelopment Commission Claims (as defined below) at their full asserted amount of $10,879,877 (or other amounts) solely for voting on the Debtors' plan. The Redevelopment Commission treats temporary allowance as the natural consequence of an unresolved claim objection. But Rule 3018(a) uses discretionary language and authorizes temporary allowance only in an amount the Court deems proper – notwithstanding the Redevelopment Commission's insistence that this Court not determine the merit of its claims. *In re Experient Corp.*, 535 B.R. 386, 405 (Bankr. D. Colo. 2015).

The requested relief in the Motion would give the Redevelopment Commission

overwhelming voting control in Class 7 even though the Redevelopment Commission's argument and information provided leaves fundamental questions concerning the amount, basis, and allocation of the asserted liability unresolved.

The Motion also offers no factual or evidentiary basis from which the Court could determine that the Redevelopment Commission Claims are colorable in that amount. Instead, the Commission relies on conclusory assertions that its claims are capable of evaluation and that the Debtors' objections are of "questionable merit".

The Redevelopment Commission's request is particularly flawed because it seeks to count the same asserted damages at face value against each of the Debtors without demonstrating that both Debtors are independently liable for the entire amount – or even liable for any amount. The Redevelopment Commission also identifies materially inconsistent damages figures and provides no evidence with respect to allocation among the alleged funding, tax abatement, and contract components of its claims.

The Redevelopment Commission makes the request for the allowance of the Redevelopment Commission Claims notwithstanding its insistence that the litigation which Debtors removed to an adversary proceeding so that this Court could determine the merit of the Redevelopment Commission's claims represented by the Redevelopment Commission Claims, which resulted in the Court remanding the years long litigation back to state court.

The Redevelopment Commission should not be allowed to "have its cake and eat it too" by demanding that the merit of their claims against Debtors be determined by the State Court and also having their claims allowed for voting purposes.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

## Background

4. On March 10, 2026 (the "**Petition Date**"), Debtors each filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. Debtors continue to operate their business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 26, 2026, Redevelopment Commission filed its Proof of Claim [Claim No. 5] against Matthews 350 (the "**Matthews 350 Redevelopment Commission Claim**").

7. On June 26, 2026, Redevelopment Commission also filed its Proof of Claim [Claim No. 3] against CCD (the "**CCD Redevelopment Commission Claim**"; together with the Matthews 350 Redevelopment Commission Claim, the "**Redevelopment Commission Claims**").

8. The Redevelopment Commission Claims are based on their claims asserted against Debtors in a civil action originally filed by the Redevelopment Commission in the St. Joseph Superior Court, Cause No. 71D07-2301-PL-000020, on January 20, 2023 (the "**State Court Action**").

9. On July 2, 2026, Matthews 350 filed its *Objection to the Redevelopment*

*Commission's Proof of Claim* [Filing No. 127] (the "**Matthews 350 Objection to Redevelopment Claim**").

10. On July 2, 2026, CCD filed its *Objection to the Redevelopment Commission's Proof of Claim* [Filing No. 129] (the "**CCD Objection to Redevelopment Claim**" and together with Matthews 350 Objection to Redevelopment Claim, the "**Debtors' Objections**").

11. On August 3, 2026, Redevelopment Commission filed its *Response to Matthews 350 Objection to the Redevelopment Commission's Proof of Claim* [Filing No. 147] (the "**Redevelopment Commission's Matthews 350 Response**").

12. On August 3, 2026, Redevelopment Commission filed its *Response to CCD's Objection to the Redevelopment Commission's Proof of Claim* [Filing No. 146] (the "**Redevelopment Commission's CCD Response**" and together with Redevelopment Commission's Matthews 350 Response, the "**Redevelopment Commission's Responses**").

**<u>Objection to Requested Relief and Basis Therefor</u>**

13. A filed claim is deemed allowed unless a party in interest objects. Once an objection is made, the Court must determine and allow the claim subject to the grounds stated in Section 502(b) of the Bankruptcy Code. 11 U.S.C. § 502.

14. Only the holder of a claim allowed under Section 502 of the Bankruptcy Code may accept or reject a Chapter 11 plan. 11 U.S.C. § 1126.

15. Even when a claim objection is pending, Bankruptcy Rule 3018(a) permits — but does not require — the Court, after notice and a hearing, to temporarily allow the claim in an amount the Court considers proper for plan voting purposes. Fed. R. Bankr. P. 3018.

16. The decision whether to permit temporary allowance, and in what amount, rests within the bankruptcy court's discretion. *In re Experient Corp.*, 535 B.R. 386, 405 (Bankr. D. Colo. 2015).

17. The Bankruptcy Code offers no guidance on which party has the burden of proof in a Bankruptcy Rule 3018(a) estimation proceeding. Some courts have placed the burden of proof on the claimant while other courts have placed it on the objector. *See, e.g., In re Zolner*, 173 B.R. 629, 633 - 36 (Bankr. N.D. Ill. 1994) (burden of proof is on the claimant); *Stone Hedge Properties v. Phoenix Capital Corp. (In re Stone Hedge Properties)*, 191 B.R. 59, 64 - 65 (Bankr. M.D. Pa. 1995) (questioning whether burden of proof in a summary proceeding should be on the objector). The 10th circuit has concluded that the burden of proof should be on the claimant to present sufficient evidence that it has a colorable claim capable of temporary evaluation. *See Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003).

18. Additionally, the existence of an unresolved objection does not itself establish either entitlement to temporary allowance or the appropriate voting amount.

19. Here, ironically, the Redevelopment Commission asks this Court to allow its claims for purposes of voting and determine that the entire face value of the claims is the proper amount to allow, while also having argued in its *Motion to Remand and Abstain* and brief in support thereof [Adversary Proceeding No. 26-3011, Filing Nos. 11 and 12], that remand was appropriate and this Court should not make any determination with respect to the very same claims that are set forth in the Redevelopment Commission Claims because, among other things, the claims are based on Indiana law.

20. Indeed, Debtors argued in support of having this Court retain the State

Court Action as an adversary proceeding because Debtors needed a determination of the Redevelopment Commission Claims before they could effectuate a plan of reorganization and pay creditors.

21. Now that it suits the Redevelopment Commission's purposes, in its efforts to defeat confirmation of Debtors' *Combined Chapter 11 Plan of Reorganization* [Filing No. 144], the Redevelopment Commission asks this Court to allow its claim temporarily in the full amount. Which way is it – either the Redevelopment Commission does not want this Court to determine the merits and amount of the Redevelopment Commission Claims or it does. The Court should not entertain the Redevelopment Commission's attempt to have it both ways.

22. The Motion also fails to establish that the Redevelopment Commission Claims are colorable in the requested amount. It merely asserts that the Claims are "colorable", that they are "capable of evaluation", and that the Debtors' objections are of "questionable merit". Those conclusions do not supply a basis for evaluating either liability or amount.

23. The claimant must present sufficient evidence of a colorable claim capable of temporary evaluation. *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344 (B.A.P. 10th Cir. 2003). The Redevelopment Commission's Motion does not identify the factual or legal basis for the asserted $10,879,877 amount, explain how that amount was calculated, or provide a method by which the Court could evaluate the Redevelopment Commission Claims for voting purposes. The absence of that showing precludes the relief requested.

24. The problem with the Redevelopment Commission presenting "sufficient

evidence" is that the Redevelopment Commission demanded remand of the State Court Action on the basis that this court should not hear or consider that evidence.

25. The Redevelopment Commission's contention that the claim objections may not be resolved before the voting deadline does not cure this deficiency. Although Bankruptcy Rule 3018(a) permits temporary allowance while an objection remains pending, it authorizes allowance only in an amount the Court considers proper. Fed. R. Bankr. P. 3018. The existence of an unresolved objection may explain why the Redevelopment Commission filed the Motion, but it does not establish that the Redevelopment Commission Claims should be allowed at all and particularly not at their full asserted amount.

26. Furthermore, even if some temporary allowance of the Redevelopment Commission Claims were appropriate (it is not), the Redevelopment Commission has not shown that $10,879,877 (or $10,887,773 which is the other amount claimed in the brief as damages) is the proper amount. Indeed, one of the bases for Debtors' Objections filed against the Redevelopment Commission Claims is that the Redevelopment Commission has failed to substantiate the amounts of the claims.

27. The Redevelopment Commission has not provided a sufficiently reliable breakdown of its alleged damages. It identifies $5 million in funding and approximately $5.87 million in allegedly lost property tax revenue, but it does not reconcile those components to any of the different totals stated in its brief. Nor does the Redevelopment Commission explain how those components should be allocated between CCD and Matthews 350, among others, if at all.

28. The Redevelopment Commission requests allowance at face value without

presenting any analysis supporting that valuation. The Redevelopment Commission also acknowledges that the underlying objections to the Redevelopment Commission Claims remain unresolved and may be subject to the current efforts to mediate.

29. The Motion alleges that the objections are of "questionable merit" because the underlying litigation would have ended sooner if the analysis were as simple as Debtors' represent.[1] That assertion does not establish the validity or amount of either of the Redevelopment Commission Claims.

30. Because temporary allowance provides voting authority without resolving the merits, the Court should require an adequate evidentiary basis before assigning voting power to disputed Claims. *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344 (B.A.P. 10th Cir. 2003).

31. The Redevelopment Commission has not provided that basis and it should not be given the opportunity to do so for purposes of voting on the plan because the Redevelopment Commission has demanded this Court not resolve the merits of Redevelopment Commission Claims by insisting that the adversary proceeding be remanded, which is the action upon which its claims are based.

## **Conclusion**

For the forgoing reasons, Matthews 350 E LaSalle, LLC and Commerce Center Development, LLC respectfully request that the Court deny the Redevelopment Commission's *Motion to Temporarily Allow Claim for Voting on Debtors' Plan* [Filing No. 219] and grant Debtors all other relief deemed just and proper by the Court.

[1] Of course this argument entirely ignores the Redevelopment Commission's argument in support of its efforts to have the State Court Action remanded that a fundamental purpose of Debtors' removal of the matter was because they were "forum shopping".

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Atty. No. 27281-49
Anthony T. Carreri, Atty. No. 36107-49
KROGER, GARDIS & REGAS, L.L.P.
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 777-7443
Woverturf@kgrlaw.com

*Counsel for Matthews 350 E LaSalle, LLC and Commerce Center Development, LLC*

**CERTIFICATE OF SERVICE**

hereby certify that on November 4, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Miranda Bernadac** mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri** ACarreri@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow** chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin** kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin** lebbin@gmail.com
- **Ryan Murphy** iumurphy19@gmail.com
- **Weston Erick Overturf** woverturf@kgrlaw.com, dg@kgrlaw.com;sharding@kgrlaw.com;lstella@kgrlaw.com
- **Jennifer Prokop** jennifer.prokop@usdoj.gov, jwprokop@yahoo.com
- **United States Trustee** USTPRegion10.SO.ECF@usdoj.gov

I further certify that on November 4, 2026, a copy of the foregoing was mailed by U.S. Mail, postage prepaid, and properly addressed to the following:

**NONE.**

*/s/ Weston E. Overturf*
Weston E. Overturf