UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>Matthews 350 E LaSalle, LLC<br>*Debtor(s)*<br>Commerce Center Development, LLC<br>*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |

**CREDITOR'S OBJECTION TO DEBTORS' MOTION IN SUPPORT OF CONFIRMATION OF CHAPTER 11 PLAN AND RESPONSE TO OBJECTIONS**

The Redevelopment Commission of the City of South Bend (the "Commission"), Creditor, presents this Objection to the Debtors' Motion in Support of Confirmation of Chapter 11 Plan and Response to Objections of 300 East LaSalle Ave Note LLC and The Redevelopment Commission of the City of South Bend (the "Motion") filed November 4, 2026 by Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle ("Matthews 350"), and Commerce Center Development, LLC ("CCD," together the "Debtors"), and states:

## I. INTRODUCTION

The Combined Plan of Reorganization dated July 28, 2026 (the "Plan") does not warrant confirmation over the Commission's Objection to the Plan (the "Objection"). The Objection raises three specific issues with the Plan: 1) the Debtors do not meet the best

interest of creditors test under § 1129(a)(7) for failure to provide sufficient evidence to substantiate the attached liquidation analysis; 2) the Debtors fail to demonstrate the Plan's feasibility under § 1129(a)(11) for failure to provide sufficient evidence to substantiate its projections; and 3) that the Plan treats the Commission's claim differently than the other claims within its class.

In the Motion, Debtors mischaracterize the Commission's objections, arguing that the Commission merely alleges evidentiary deficiencies with the Plan but does not necessarily showing that the Plain fails the requirements for confirmation. In doing so, the Debtors continue to ignore the evidentiary burden that is required of them for confirmation as the Plan's proponents. This "take our word for it" approach is not what the bankruptcy code requires and in no way warrants confirmation.

The Debtors indicate that they intend to cure these evidentiary deficiencies at the upcoming confirmation hearing treating it as evidentiary hearing. Regardless, the Commission maintains the central thrust of its Objection: the Debtors must provide evidence sufficient to show that the Plan meets the requirements for confirmation by a preponderance of the evidence. At present, Debtors have presented no evidence whatsoever to support the Plan and until such time as they do so, the Plan cannot be confirmed.

## II. Statement of Relevant Background

The Commission and the Debtors have been engaged in litigation in state court for several years prior to the Debtors filing for Bankruptcy regarding a breach of contract (the "State Action"). The Commission filed suit against CCD in January 2023 to recover damages for CCD's breach of a certain Development Agreement (the "Agreement"), specifically failing to perform as promised and taking actions that explicitly violated the Agreement's terms. The State Action was ready to proceed to trial, scheduled for October 2026, prior to the Debtors' bankruptcy filings.

The Commission filed Proofs of Claim against CCD and Matthews 350, Claim No. 3 and Claim No. 5, respectively (these claims are referred herein as the "Claim") for an unsecured amount of $10,879,877.00. Each Debtor filed an Objection to the Commission's Claim against it on July 3, 2026. The Objections to the Claim are outstanding.

Under the 11 U.S.C § 1126(a), only the holders of claims allowed under 11 U.S.C. § 502 can vote to accept or reject a plan of reorganization. A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Once an objection to a claim is made, a claim can only be allowed by order of the Court. 11 U.S.C. § 502(b). Until resolved, the Debtors' Objections to the Claim arguably strip the Commission of its voting rights until the Objections can be resolved by the Court.

The Commission filed an Objection the Debtors' Plan, described in detail above. To protect its voting rights with respect to the Plan, the Commission has filed,

contemporaneously with its Objection, a motion under F.R.B.P. 3018(a) for temporary allowance of its claims for the sole purpose of voting on the Debtors' Plan.

In response to the Commission's Objection to the Plan, the Debtors filed a Motion for Motion in Support of Confirmation of Chapter 11 Plan and Response to Objections on November 4, 2026.

## III. ARGUMENT

### a. The Debtors must demonstrate that the Plan meets the requirements for confirmation under § 1129(a) by a preponderance of the evidence.

As stated clearly in the Objection, a plan for reorganization under Chapter 11 of the Bankruptcy Code (the "Code") must meet each of the requirements of § 1129(a) of the Code. *See In re 203 N. LaSalle St. Pshp.*, 126 F.3d 955, 960 (7th Cir 1997), *rev'd on other grounds*. The plan proponent bears the burden of establishing by a preponderance of the evidence that the plan meets each requirement § 1129(a). *In re Sentinel Mgmt. Group*, 398 B.R. 281, 292 (Bankr. N.D. Ill. 2008). The Debtors, therefore, bear the burden of showing by a preponderance of the evidence that the Plan meets each of the requirements of § 1129(a) needed for confirmation, and until such time as they do so, the Plan cannot be confirmed.

### b. The Debtors do not provide sufficient evidence to demonstrate that the Plan satisfies the Best Interest of Creditors Test under § 1129(a)(7).

In the Plan, the Debtors fail to provide <u>any</u> evidentiary support that the Plan meets the best interests of creditors test under § 1129(a)(7). Specifically, no evidence is presented

to substantiate the Debtors' assets listed on the attached liquidation analysis nor do the Debtors provide any explanation for why certain assets and interests are excluded from the analysis that presumably could have value in a hypothetical liquidation. Accordingly, the Plan cannot be confirmed because the Debtors fail to meet the burden of proof required on them as the plan proponent. In response to the Objection, the Debtors argue that confirmation is appropriate because they promise to present evidence at the confirmation hearing to establish bases for asset values, ownership of the listed properties, and the effect of liquidation on the relevant leases and operating interests.

What evidence is to be presented remains a mystery.

As discussed in the Objection, a plan proponent's own valuation of its assets are suspect when no independent appraisals or other extrinsic evidence is provided to support the valuation. *In re Multiut Corp.*, 449 B.R. 323, 345-46 (N.D. Ill Bankr. 2011). Likewise, a plan proponent's failure to analyze the value of an asset accurately or in any detail whatsoever favors the objecting party's position. *Id.*

Accordingly, a plan that simply includes an attachment titled "Liquidation Analysis" and states verbatim the requirement of § 1129(a)(7) is not enough to meet the burden required for confirmation. The Debtors must provide evidence sufficient to support the notion the creditors will receive at least as much value as they would under a hypothetical Chapter 7 liquidation or the plan cannot be confirmed.

**c. The Debtors do not provide sufficient evidence to demonstrate that the Plan satisfies the Best Interests of Creditors Test under § 1129(a)(11).**

In its Objection, the Commission argues that while the Debtors include financial projections to demonstrate the feasibility of the Plan, the methodology, assumptions, and values to generate the projections are entirely absent. Accordingly, the Debtors fail to meet their evidentiary burden for confirmation under § 1129(a)(11).

The Debtors in their Motion mischaracterize the extent of the Commission's objection, limiting it to an alleged dispute or disagreement with reduction in commercial vacancy and other elements of the projections. The Commission, at present, has no substantive objection to the content of the projections because they are entirely unsubstantiated with any evidence or explanation. The projections, at face value, purport to show that the Plan is feasible, but the Debtors provide nothing to substantiate them in any regard. To the extent that the Commission "disagrees" with any aspect of the projections, it simply does not have enough information to begin to assess their validity. The point of the Commission's objection is again straightforward: due to the absence of any evidence whatsoever to substantiate this essential element of the plan, the Debtors have not met the required evidentiary burden of proof and accordingly confirmation is not appropriate.

The Commission recognizes that the Debtors need not demonstrate that the Plan is guaranteed to succeed but only provide a reasonable assurance of commercial viability.

See *Sentinel*, 398 B.R. at 318. To this end, the Debtors at the very least must offer concrete evidence of sufficient cash flow to fund and maintain both its operations and its obligations under the plan. *Coones v. Mut Life Ins. Co. of N.Y.*, 168 B.R. 247, 255 (D. Wyo. 1994). The Debtors have not yet done this and until such time as they do, have not met demonstrated that the plan is feasible as required by § 1129(a)(11). Confirmation is, therefore, not appropriate.

## IV. CONCLUSION

At this point, the Debtors have not met the evidentiary burden required for confirmation of the Plan. For clarification, the Commission does not dispute that the Plan could never satisfy the best interests of creditors test or feasibility test; rather confirmation is not appropriate because the Debtors have provided *no extrinsic evidence whatsoever* to substantiate the key details that support the Plan's meeting these requirements. Until such time as the Debtors do provide evidentiary support, the court should not confirm the Debtors' plan.

WHEREFORE Creditor, the Redevelopment Commission of the City of South Bend, Indiana respectfully requests that the Court deny confirmation of the Debtors' Chapter 11 Plan dated July 28, 2026, or require the Debtors to cure the identified defects prior to confirmation, together with such other relief as the Court deems just and proper.

Dated: November 17, 2026

Respectfully Submitted,

*/s/ Katherine E. Iskin*
Katherine E. Iskin (33679-71)
Matthew J. Anderson (27511-71)
**MAY OBERFELL LORBER LLP**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: 574-243-4100
Email: kiskin@maylorber.com
manderson@maylorber.com

CERTIFICATE OF SERVICE

I certify that on November 17, 2026, a copy of the foregoing was filed electronically with the Clerk using the CM/ECF System, which sent notification of such filing to all counsel of record.

*/s/ Katherine E. Iskin*
Katherin E. Iskin (33679-71)